FRUGÉ, Judge.
This is a suit for workmen’s compensation by Joe T. Huffman against his employer’s insurer, Aetna Casualty & Surety Company. From a judgment awarding plaintiff compensation at the maximum statutory rate for total and permanent disability, defendant has appealed to this court.
At the time of the alleged accident, plaintiff was employed by Asplundh Tree Expert Company. On September 13, 1960, he slipped on an incline and fell against the side of an embankment, striking his back on a spray can which was strapped to his back. There is no dispute that the accident used upon arose out of and in the course of plaintiff’s employment. Additionally, neither party disputes that plaintiff’s remuneration was sufficient to entitle him to receive workmen’s compensation at the maximum rate if he was in fact permanently and totally disabled.
The issue presented for determination by this court is entirely factual in character and involves simply the degree of plaintiff’s disability.
On the day following the accident, plaintiff was examined by Dr. C. J. Schexnaidre, who diagnosed his condition as an acute lumbar muscle sprain and contusion of the lower back. Subsequently, plaintiff was examined by Dr. T. E. Banks, Jr., an orthopedic surgeon, who, at the time of the trial testified for defendant that he was of the opinion that plaintiff had recovered from his injury. Later Dr. Banks testified by deposition that plaintiff was disabled, stating that plaintiff definitely had muscle spasm in his back. It is noteworthy that Dr. Banks saw and examined plaintiff on numerous occasions, namely November 29, 1961, December 2, 1961, December 6, 1961, December 20, 1961, and February 26, 1962.
Numerous other doctors examined plaintiff, some agreeing with the diagnosis of Dr. Schexnaidre and Dr. Banks, while others could find no evidence of back pathology. The court could review all of the medical testimony in this opinion but feels that no useful purpose would be served thereby. Nevertheless, a brief summation of the findings of these doctors will be set forth below.
Dr. Edleman examined plaintiff on October 31, 1961 and reported that he found no evidence of disability. Dr. Faludi, who examined plaintiff on December 7, 1960, found that plaintiff had suffered a severe back sprain and possibly a ruptured disc. It is noteworthy that Dr. Faludi was unable to state the exact period during which plaintiff would be disabled. The same opinion was also manifested by Dr. Banks. Finally, Dr. Hatchett, who saw plaintiff on two occasions, found no evidence of a back injury, although he did not feel that plaintiff was exaggerating his complaints.
We are mindful that plaintiff must bear the burden of proving the extent of his disability with a reasonable degree of certainty. Johnson v. Southern Industries Company, La.App., 77 So.2d 750. *417 Nevertheless, after reviewing all of the evidence introduced at the trial of this case, we are of the opinion that plaintiff is disabled within the meaning of the workmen’s compensation act; although there is some doubt in our mind whether he is suffering from a back sprain or from a ruptured or herniated disc. In reaching this conclusion, we realize that there is conflicting medical testimony. However, the lay witnesses who testified on this matter stated that they had observed plaintiff both before and after his accident and that plaintiff showed difficulty in moving about and exhibited symptoms of suffering from a back condition. Additionally, we have the uncontradicted testimony of plaintiff in this regard. That such testimony should be considered, where there is conflicting medical testimony, is well established under our law. Champagne v. Houston Fire and Casualty Insurance Company, La.App., 85 So.2d 106; Otis v. Board of Com’rs of Port of New Orleans, La.App., 62 So.2d 866. In further support of this conclusion, we note that Dr. Banks saw and examined plaintiff on numerous occasions while the other doctors made their diagnosis after only one or two visits by plaintiff. See Rosenquist v. New Amsterdam Casualty Company, La.App., 78 So.2d 225; Walker v. Monroe, La.App., 62 So.2d 676. We therefore find that the trial court did not commit manifest error in finding that plaintiff was totally and permanently disabled within the meaning of the workmen’s compensation act.
Counsel for appellant urges that he was denied the right to have the plaintiff examined by a doctor of the defendant’s choice. Whatever merit there may have been to this contention at the time of the first trial, the record nevertheless reflects that when the case was reopened for further evidence the defendant was given the full opportunity to have any further medical examinations of the plaintiff. We therefore find no merit in this contention of the defendant-appellant.
Lastly, counsel for defendant urges that plaintiff’s present complaints are due to a subsequent injury suffered by plaintiff, while on a deer hunt. We likewise find no merit to this contention. The record is absolutely void of any evidence which might tend to establish that plaintiff injured his back subsequent to his accident sued upon.
For the reasons assigned, the judgment of the trial court is affirmed; defendant to pay all costs of this appeal and of these proceedings.
Affirmed.
SAVOY, J., dissents and assigns written reasons.
HOOD, J., dissents for the reasons stated in Judge SAVOY’S dissenting opinion.