CHASEZ, Judge.
This is an action by plaintiff, Samuel P. Matherne, to recover disability benefits under the Louisiana Workmen’s Compensation Statute. Defendants are his employer, Wheless Drilling Company and its insurer, The Fidelity & Casualty of New York. From a judgment adverse to the plaintiff, he appeals.
Plaintiff was injured, in the course of his employment, on a drilling rig on November 22, 1963. While - carrying a sack of drilling mud he fell to the floor of the mud room of the drilling rig, sustaining -injury to his back. Plaintiff was taken to Port Sulphur, Louisiana, where he was hospitalized in the Plaquemines Parish General Hospital and attended by Dr. B. E. Blakenship, a general practitioner. As plaintiff indicated a desire to be near his family, he was transferred to the West Jefferson General Hospital where he was treated by Dr. Walter H. Brent, an orthopedic surgeon. He was discharged from that hospital on December 2, 1963, but continued under the care and treatment of Dr. Brent until February 25, 1964. However, before discharging the plaintiff, Dr. Brent referred him to Dr. Carl F. Culicchia, a neurosurgeon, for examination. Dr. Culicchia saw and examined plaintiff on February 4, 1964. Subsequent to his discharge, on February 27, 1964, plaintiff was examined by Dr. *922 Irving Redler, an orthopedic surgeon, at the request of defendant, The Fidelity & Casualty of New York.
The record discloses that Dr. Brent first saw plaintiff on November 25, 1963, and after careful observation and treatment, discharged him on February 25, 1964, as able to return to work without any residual disability. Dr. Culicchia’s neurological examination was negative and his conclusion was that plaintiff’s difficulties, if any, were muscular. Dr. Redler’s examination, shortly after plaintiff’s discharge by Dr. Brent, also proved negative. On April 2, 1964, plaintiff was examined and subsequently treated by Dr. Harry Philibert, a general practitioner and physician of plaintiff’s choice. The record indicates that Dr. Philibert treated him until September 10, 1964, at which time he discharged him.
The fact that plaintiff was in the employ of defendant, Wheless Drilling Company, on November 22, 1963, the date on which he suffered an injury in the course and scope of his employment is not at issue. He was paid workmen’s compensation from November 23, 1963, to February 28, 1964. In this Court the plaintiff abandoned [in fact, on the date of argument, i. e., April 12, 1965] his plea for total and permanent disability, and he now contends that he should be allowed to recover compensation from February 29, 1964, until September 10, 1964. This is the only issue before the Court and it is one of fact.
The trial judge, favoring us with excellent reasons for judgment, held that the preponderance of the medical testimony was that plaintiff could resume his former occupation without any residuals as of February 28, 1964. In holding that Dr. Phili-bert’s findings were contrary to the findings of Doctors Brent, Culicchia and Redler, although these physicians not only examined, observed and treated the plaintiff but discharged him just a few weeks before Dr. Philibert first saw him, the judge a qua. stated the following:
“This Court does not question any diagnosis made by Dr. Philibert. However, in view of the additional findings of Dr. Philibert, which are not supported by any of the other medical evidence in the case, the Court can only reach the conclusion that the condition found by Dr. Philibert was in no way related to the plaintiff’s accident of November 22nd.
“Considering the testimony as a whole, the Court is of the opinion that when plaintiff was discharged by the attending physician on February 27,, 1964, he had fully recovered from the injury of November 22, 1963.”
The trial court gave great weight to the testimony of Dr. Brent, the treating physician and an orthopedic specialist. After a thorough review of the record, we cannot say that the conclusion of the trial court was manifestly erroneous but, to the contrary, we agree with its conclusion and judgment. It is well settled that in workmen compensation cases the testimony of a treating physician is to be preferred over that of one who merely examined the plaintiff; that the testimony of the physician who examined an injured employee immediately following the accident is to be preferred over a physician who has examined him subsequently; and that the specialist is preferred to the general practitioner regarding matters which fall in his field of specialization. Hall v. Liberty Mutual Insurance Company, 153 So.2d 553 (La.App.1963). The trial court correctly applied these rules of law in this case. Since we conclude, as did the trial court, that the plaintiff has not borne his burden of proof establishing disability beyond February 28, 1964, the judgment is affirmed at plaintiff’s cost.
Affirmed.