YARRUT, Judge.
Plaintiff filed suit to recover maximum workmen’s compensation benefits for a job-connected back injury which totally and permanently disabled him. Plaintiff further prayed for statutory penalties and attorney’s fees, asserting these benefits were arbitrarily withheld from him.
Defendant, The Lummus Company, Plaintiff’s employer, and its compensation insurer, The Travelers Insurance Company, both denied the occurrence of an acci *550 dent which is compensable under the Louisiana Workmen’s Compensation Act. In the alternative, they pleaded Plaintiff already received full compensation benefits during the entire period of his disability. Payments were made from January 23, 1967 through March 7, 1967.
Judgment was rendered awarding Plaintiff additional compensation until June 19, 1967, some two months beyond the period Plaintiff received benefits.
Plaintiff has appealed, urging the Trial Court erred in failing to award maximum benefits for a permanent disability, and in rejecting his prayer for penalties and attorney’s fees.
Defendants answered the appeal, contending the Trial Court was in error in extending benefits until June 19, 1967, and for awarding compensation without medical evidence to prove Plaintiff’s disability continued beyond March 7, 1967. They also challenge the award of $100.00 to Dr. Byron UnKauf, who appeared as a medical expert on Plaintiff’s behalf.
It is not disputed that, on November 14, 1966, Plaintiff fell from a scaffold, on which he was working, to the ground eight feet below. The right lower part of his back struck a two-inch pipe, leaving bruises and contusions on the injured area. Plaintiff was treated at a nearby hospital immediately after the accident, and discharged late the following day. He returned to his job on November 17, 1966, and worked intermittently until January, 1967, when he consulted an orthopedist, Dr. A. G. Kleinschmidt, Jr., who treated him until June 19, 1967. At that time his doctor discharged him as able to resume the duties of his occupation as a pipe fitter.
It is Plaintiff’s contention he was still disabled when Dr. Kleinschmidt discharged him. Whether Plaintiff has proved his claim by a preponderance of the medical evidence is the principal issue raised by this appeal.
The medical evidence in the record consists of three orthopedists’ opinions. They are Dr. John Kenneth Saer, Dr. Klein-schmidt, who testified for Defendants, and Dr. Byron UnKauf, Plaintiff’s expert.
Dr. UnKauf examined Plaintiff twice, once on April 4, 1967, and again on August 14, 1967. His findings on both examinations were substantially the same. It was his opinion that Plaintiff suffered a severe strain of the lower lumbar back in the November 14th accident, and that he possibly suffered a ruptured annulus. The annulus is a “doughnut” shaped container holding the intervertebral discs in the spinal column.
Dr. Saer, who' examined Plaintiff on June 8, 1967, testified Plaintiff has a deformity of long standing, i.e., one leg is shorter than the other, due to a foot injury he suffered when he was twelve years old. While x-rays showed Plaintiff had problems in his back, it was Dr. Saer’s belief that they were caused by degenerative arthritic changes and scoliosis, a condition produced by a pelvic tilt attributable to Plaintiff’s childhood injury; and while injury to the fibers of the annulus was possible, it was not probable because Plaintiff’s history and his findings would not lead to this diagnosis.
Dr. Kleinschmidt, the treating physician, examined and treated Plaintiff eleven times. He diagnosed the condition as a contusion of the low back, possibly associated with a ligamentous sprain. In February Plaintiff was advised to return to work for lighter duties, but no work in this line was available. Dr. Kleinschmidt gave him a slip to return to work on March 8, 1967, but did not discharge him from his care at that time. Plaintiff was fired two days after he returned to work. He was further treated by Dr. Kleinschmidt on March 20th, April 10th, May 8th, and finally June 19th, 1967. During this period Plaintiff’s complaints of pain persisted, but the doctor said he found no objective findings to support the complaints. When Dr. *551 Kleinschmidt discharged him in June, he felt Plaintiff suffered no residual ill effects from the injury he sustained in November, 1966, and, if he could have worked as a pipe fitter before the accident, he should have been able to resume the same duties after he was discharged. This expert also considered the possibility of injury to the annulus remote.
The lay testimony included statements of Plaintiff, his wife, and a foreman under whose supervision Plaintiff had worked prior to his injury. They stated that while Plaintiff had a deformity before his injury, he was nonetheless able to perform heavy work without complaints of back pain. It is significant to note, however, that Plaintiff was a compensation claimant for a back injury prior to the accident for which he now claims compensation, and he failed to disclose the prior injury to Dr. UnKauf, the medical expert he relies upon to establish his disability.
After hearing the evidence, the Trial Judge concluded Plaintiff failed to prove the November 14, 1966, accident produced a disabling condition to his back that continued past June 19, 1967. In written reasons for judgment, the Trial Court stated the medical evidence of Drs. Saer and Kleinschmidt was more positive, while that of Dr. UnKauf spoke in terms of probabilities.
While we agree with the result reached, we are not in complete accord with the lower court’s analysis of the record. Dr. UnKauf’s diagnosis was as positive as any medical expert could state in rendering a medical opinion. He said the accident probably caused a rupture of some of the fibers of the annulus and this condition was disabling.
However, the probative value of Dr. Un-Kauf’s opinion is diminished by the fact that his diagnosis was based on an incomplete medical history given by Plaintiff, either deliberately or inadvertently, that his back had been injured prior to the accidént of November, 1966.
Even if Plaintiff’s expert reached his medical conclusion with knowledge of the prior back injury, we are bound by the rules of evidence to affirm this decision. It is well established in our jurisprudence that in workmen’s compensation cases, the testimony of a treating physician carries greater weight than that of an examining doctor consulted only for evaluation. Matherne v. Wheless Drilling Company, La.App., 174 So.2d 921; Hall v. Liberty Mutual Insurance Company, La.App., 153 So.2d 553.
We, therefore, conclude the Trial Court properly found Plaintiff failed to prove by a preponderance of the medical evidence that any disability stemming from the November, 1966, accident continued beyond June 19, 1967.
Turning to Defendants’ answer to this appeal, we do not agree there is no evidence to support a finding that Plaintiff’s disability persisted beyond March 8, 1967. The expert relied on by Defendants, Dr. Kleinschmidt, made it clear he did not discharge Plaintiff in March. He testified he discharged Plaintiff in June when he concluded he could no longer help him. We cannot presume this orthopedist would continue his treatment of Plaintiff for this additional period of time, at the insurer’s expense, if he felt Plaintiff had no condition or complaints for which he needed treatment. In the instant case, we conclude the discharge date of the treating physician is the proper date to terminate compensation benefits.
Defendants further complain of the taxing of the $100.00 expert fee of Dr. UnKauf as costs against them, arguing that he examined Plaintiff solely in preparation to testify at the trial, and did not treat him. We dismiss this complaint of error by observing that the $100.00 compensates Dr. UnKauf for the time he appeared in court to testify as an expert and was not meant to compensate him for re *552 ports rendered to Plaintiff or time spent in examining Plaintiff.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.