300 So.2d 518 (1974)
James ALLEN, Plaintiff-Appellant,
v.
The EARLY COMPANY, Defendant-Appellee.
No. 12396.
Court of Appeal of Louisiana, Second Circuit.
September 4, 1974.
Rehearing Denied October 1, 1974.
Writ Refused November 15, 1974.
Ford E. Stinson, Benton, for plaintiff-appellant.
Blanchard, Walker, O'Quin & Roberts, by Wilton H. Williams, Jr., Shreveport, for defendant-appellee.
Before BOLIN, HALL and WILLIAMS, JJ.
Rehearing En Banc. Denied October 1, 1974.
*519 BOLIN, Judge.
Plaintiff appeals from a judgment of the lower court rejecting his demands against defendant for workmen's compensation benefits. For the reasons stated in the written opinion of the trial court, appearing hereinafter, we affirm the judgment.
"This workmen's compensation suit was filed December 13, 1963, claiming total and permanent disability on plaintiff's part for a back injury alleged to have been sustained on July 18, 1962, while employed by the defendant.
"Defendant answered denying accidental injury and, alternatively, alleging recovery from such injury on or before December 7, 1962.
"The case was not tried until May 4, 1966. Plaintiff's brief was not filed until May 3, 1971, one day before the passage of five years would have permitted dismissal for want of prosecution. Defendant then filed a brief on January 21, 1972, but the record was not delivered to the Court until this date. [July 20, 1972]
"At the trial it was stipulated that compensation had been paid plaintiff to a time past December 7, 1962, after which defendant contended, as stated above, there was no disability resulting from any accident which may have occurred.
"As did counsel for defendant in brief, this Court will assume that an accident did occur and consider the evidence as to its duration beyond December 7, 1962.
"On that point the medical testimony came from one general practitioner, Dr. A. I. Clark, who testified for plaintiff, and three orthopedic specialists, Drs. Don F. Overdyke, Jr., Ray E. King and Bennett H. Young, all testifying for defendant.
"Drs. Overdyke and King both saw plaintiff on or before December 7, 1962 and Dr. Young saw him on May 10, 1965.
"Plaintiff was also seen by two other doctors who were not called to testify. One, Dr. R. I. Westbrook, general practitioner, of Shreveport, had left that city and his whereabouts were not known, and the other, Dr. Ed Simonton, orthopedic specialist of Shreveport, was not called by plaintiff. Plaintiff failed to mention Dr. Simonton in answers to interrogatories and the fact of his examination of plaintiff was not known to defendant until plaintiff was being cross-examined during the trial.
"As pointed out by defendant's counsel in brief, the presumption is that Dr. Simonton's testimony would not have been favorable to plaintiff.
"There is no particular point in reviewing the testimony of the four physicians who testified. The doctor, who treated plaintiff intermittently, was of the opinion from x-ray examination that plaintiff had sustained a ruptured disc in his back, which he had treated with some sort of electrical machine to cause the narrowing disc interspace to resume its normal spacing.
"The orthopedic experts were substantially in accord that whatever disability plaintiff may have suffered had ceased to exist by December 7, 1962.
"In this Court's opinion Dr. Clark's testimony was weakened or completely discredited by the three orthopedic specialists. Although Dr. Clark might be considered the treating physician under our jurisprudence giving his testimony ordinarily more weight than even a specialist who sees the patient for evaluation only, this general rule must be applied in conjunction with the other equally well settled general rule that the testimony of specialists in an appropriate field of medicine is more persuasive than that of a general practitioner.
"These two general rules were brought together in Wild versus Continental Casualty Company, 234 So.2d 783, and this Court adopts that application, i. *520 e., the testimony which is credible and of such a nature as to carry the greater weight or is more convincing or is the more probable.
"In the present case then, it is the opinion of this Court that the testimony of the three orthopedic surgeons is credible, carries greater weight and is more convincing and, there being no substantial dispute amont the three, the lay testimony will not be considered.
"For the reasons [assigned] plaintiff has failed to sustain the burden of proving the existence of diability beyond December 7, 1962, and his demands must be rejected at his cost."
Judgment affirmed at appellant's cost.