PETERS, Judge ad hoc.
This is an appeal from a judgment awarding plaintiff the sum of $49.00 per week in Workmen’s Compensation benefits for a period of 500 weeks for total and permanent disability. This judgment also ordered the defendants to pay all reasonable and necessary medical expenses incurred by the plaintiff in connection with his injuries up to the statutory maximum. Defendants find no error in the judgment insofar as it pertains to medical expenses but contend that the trial court committed manifest error in finding that the plaintiff’s accident left him permanently disabled.
Plaintiff was injured while working for defendant Glasscock Drilling, Inc. on a drilling rig on March 28, 1973. He fell about fifteen to eighteen feet through the air and landed on his left arm. He suffered a fracture of the fifth metacarpal bone, which was comminuted, and a fracture of the distal radius, on the lower third, on the left arm. He underwent surgery on five occasions to repair the damage; the last operation took place on February 12, 1975, only a few weeks before trial. The first three operations took place within a few weeks of the date of injury. The fourth operation, on January 15, 1974, was for the purpose of removing a plate and screws that had been attached to the forearm in a previous operation. All of these operations were performed by Dr. R. E. Landreneau, Jr., a general surgeon, with the assistance of Dr. B. N. Heinen, a general practitioner. Plaintiff complained of pain, swelling, and loss of motion of the hand from the time of injury up until the time of trial. When Dr. Landreneau performed the last operation on February 12, 1975, he found that there was an intense build-up of scar tissue over the tendon sheaths in the area of the radius. He believed this scar tissue to be a result of the injury and the surgical procedures following the injury. He excised the scar tissue in the February 12 operation. He apparently felt this scar tissue caused plaintiff’s problems.
On March 18, 1974 and again on May 27, 1974, the plaintiff was examined by Dr. F. Lionel Mayer, an orthopedic surgeon. Dr. Mayer was of the opinion that plaintiff was able on that date (May 27) to return to his work.
On June 28, 1974, the plaintiff was examined by Dr. William Grady Akins, Jr., also an orthopedic surgeon. Dr. Akins was also of the opinion that the plaintiff was able to return to work.
Neither Dr. Mayer nor Dr. Akins ever performed surgery on the plaintiff. They merely examined him.
The defendants voluntarily paid benefits for total disability from the time of the accident until June 4, 1974. At that time, the defendants were advised by Dr. Mayer that plaintiff was no longer disabled and the defendants ceased paying compensation. Trial was held on this matter on *914 March 3, 1975, and the district court rendered the judgment appealed by defendants herein.
As already shown, there is conflicting evidence in the record concerning whether the plaintiff was totally disabled between the date defendants ceased making voluntary payments and the date of plaintiff’s last surgery (February 12, 1975).
The plaintiff introduced the depositions of Drs. Heinen and Landreneau, the treating physicians. Both these doctors were of the opinion that plaintiff was totally disabled from the date of injury to the date of the last surgery. Dr. Landreneau, who performed all the operations on the plaintiff, further stated he expected the plaintiff to remain disabled for a period of eight to twelve weeks following the February 12 surgery and he expected plaintiff to be able to return to work at the end of this convalescent period.
The defendants introduced the depositions of Drs. Mayer and Akins, who did not think plaintiff was disabled when they examined him in 1974.
The trial court heard the testimony of plaintiff and that of David S. Fitzgerald, Jr., Vice-President of Glasscock Drilling. The plaintiff’s testimony concerned his job duties for the defendants and the nature of the problems he had been having with his left hand since injury.
The trial judge found plaintiff was totally disabled from date of accident until date of the last surgery. We are unable to find any manifest error in this decision. Defendants argue that the testimony of the orthopedic surgeons (Drs. Mayer and Akins) should have been given greater weight than that of the nonspecialists (Drs. Heinen and Landreneau) and on this basis the trial court should have found plaintiff was not totally disabled. The trial judge committed no manifest error in not ruling in accordance with the opinions of the specialists. The rule that the testimony of a specialist should be given greater weight than that of a nonspecialist is only a general rule and when the specialist’s testimony contradicts that of the treating physician the specialist’s testimony should be given preference only if it is credible and of such a nature as to carry the greater weight or is more convincing or is the more probable. Wild v. Continental Casualty Company (La.App., 1st Cir., 1970), 234 So.2d 783; Allen v. Early Company (La.App., 2nd Cir., 1974), 300 So.2d 518, writ refused La., 302 So.2d 623. In the present case, the testimony of the specialists is not of such a nature as to carry the greater weight. Dr. Landreneau performed all surgery on plaintiff with the assistance of Dr. Heinen so these doctors were in the best position to ascertain and know the extent of disability of plaintiff’s hand. In fact, Dr. Mayer advised Dr. Heinen, after examining the plaintiff, that he believed no further surgery was indicated. He made no mention of any possibility of scar tissue causing problems. It would certainly be illogical to accept his findings when we have the testimony of Dr. Landreneau concerning what he actually did find when he performed surgery on plaintiff on February 12, 1975.
In addition, the trial judge heard the testimony of the plaintiff concerning his disability and in view of the conflicting medical testimony the testimony of plaintiff was entitled to considerable weight. Johnson v. Cajun Enterprises (La.App., 3rd Cir., 1974), 293 So.2d 617; Huffman v. Aetna Casualty (La.App., 3rd Cir., 1963), 152 So.2d 415.
The trial court did, however, err in finding plaintiff was permanently disabled. The testimony of the two ortho-paedic surgeons was that plaintiff was able to return to work on the date of their examinations May 27, 1974 and June 28, 1974. Plaintiff’s own doctors, Heinen and Landreneau, felt that plaintiff had been disabled from the date of the injury until the date on which some scar tissue was *915 surgically removed on February 12, 1975. Dr. Landreneau stated on February 21, 1975, however, that plaintiff should be fully recovered and able to return to work after a convalescence of from 8 to a maximum of 12 weeks. Dr. Heinen expressed no opinion as to when plaintiff might recover from the last mentioned surgery. There is no medical evidence at all, therefore, which indicates that plaintiff will be disabled after 12 weeks following the date of the above mentioned minor surgery. We conclude that the trial judge was in error in finding that the plaintiff was permanently disabled. LSA-R.S. 23:1222; Young v. Southern Casualty Insurance Company (La.App., 3rd Cir., 1966), 188 So.2d 437; Carter v. Bituminous Casualty Corporation (La.App., 3rd Cir., 1966), 186 So.2d 180.
The evidence shows plaintiff has sustained a ten to fifteen percent loss of the use of his left hand as a result of this accident and ordinarily he would be entitled to recover benefits under Section 1221(4) for that loss. However, the evidence does not show the amount of his weekly wages at the time of the accident, so we cannot determine whether they were sufficient to entitle him to any benefits under LSA-R.S. 23:1221(4) which would be in excess of those which have already been paid. Considering the award being made herein, plaintiff will have received compensation at the rate of $49.00 per week for a total of 110 weeks, amounting to $5,390.00. Since the evidence does not show that he would be entitled to recover more than that amount for the partial loss of use of his hand, we conclude that he is not entitled to an award under R.S. 23 :- 1221(4).
Specifically reserved to the plaintiff herein is his right to review this judgment in the event the duration of his disability exceeds the probable duration of 12 weeks as established by the evidence. LSA-R.S. 23:1331; Landreneau v. Liberty Mutual Insttrance Company, La., 309 So.2d 283.
For the reasons assigned the judgment appealed from is amended by awarding plaintiff compensation at the rate of $49.00 per week from date of accident, March 28, 1973, until May 7, 1975, subject to a credit for compensation payments heretofore made, and all costs of this suit. In all other respects the judgment appealed from is affirmed.
Amended and affirmed.