355 So.2d 1355 (1978)
Alton RACHAL, Plaintiff-Appellee,
v.
HIGHLANDS INSURANCE COMPANY et al., Defendants-Appellants.
No. 6330.
Court of Appeal of Louisiana, Third Circuit.
February 6, 1978.
Rehearing Denied March 29, 1978.
*1356 Stafford, Randow, O'Neal & Smith, Hodge O'Neal, III, Alexandria, for defendants-appellants.
Thomas & Dunahoe by G. F. Thomas, Jr., Natchitoches, for plaintiff-appellee.
Before CULPEPPER, DOMENGEAUX and WATSON, JJ.
DOMENGEAUX, Judge.
This is a workmen's compensation case arising under the new provisions of La.R.S. 23:1221, as amended by Act 583 of 1975, relative to disabilities.
Plaintiff, Alton Rachal, was injured while working on a farm owned by his brother, Donald Rachal. This job was apparently used to supplement his income as a policeman for the City of Natchitoches. It was agreed between the brothers that plaintiff would receive non-monetary benefits for wages in lieu of monetary remuneration. These benefits included a pickup truck, titled to plaintiff but paid for by his brother; and also insurance, oil, gasoline, tires, and repairs for the truck.
The accident occurred on May 22, 1976, while plaintiff was attempting to adjust a cultivator on a tractor. The cultivator fell while plaintiff was trying to hold it and his back was given a sudden jerk. He experienced severe pain and was subsequently admitted to a hospital for diagnosis and treatment.
As a result of the pain plaintiff did not return to work at the farm or on the police force for approximately five months. Weekly compensation benefits of $61.33 were paid by the brother's compensation insurer, Highlands Insurance Company, from the time of the accident until October 22, 1976, the date Alton returned to the police force on a light duty basis. Plaintiff never returned to work at the farm.
Suit to resume the payment of compensation benefits was filed on February 4, 1977, against the employer and Highlands alleging that plaintiff was totally and permanently disabled as a result of the accident on the farm.[1] At trial the treating physician, Doctor Charles Cook, testified that plaintiff was suffering from an extruded lumbar disc which was related to the accident on the farm. Doctor Cook also confirmed plaintiff's complaints of pain. In addition, the report of Doctor Edwin Simonton, Jr., an orthopedist, stated that plaintiff had a degenerative joint disease at two levels in the lumbar spine. With regard to pain, Doctor Simonton concluded that plaintiff could expect exacerbation of the symptoms, including pain, in the future. However, he also stated that there could be some intermittent remission of the symptoms.
The trial court found plaintiff to be totally and permanently disabled and awarded weekly compensation benefits of $66.66, medical expenses and penalties and attorney's fees. Defendants perfected a suspensive appeal. Plaintiff answered the appeal requesting an increase in attorney's fees.
Defendants contend on appeal that the trial court erred in four respects:
1. In concluding that plaintiff is totally and permanently disabled;
2. In fixing the value of non-monetary remuneration received at the time of the accident at $100.00 per week;
3. In assessing statutory penalties and attorney's fees; and
4. In assessing legal interest from the date of judicial demand on weekly compensation benefits.

I. TOTAL DISABILITY
The evidence adduced at trial clearly indicated that although plaintiff was working as a police officer he was doing so in substantial pain. Apparently the trial court applied the well established jurisprudential *1357 rule that an employee who returns to work can still be considered totally disabled if he is working in substantial pain.
Appellants contend, however, that the 1975 amendments to the workmen's compensation act dealing with total and partial disabilities legislatively overrule this jurisprudence. They argue that an employee cannot be considered totally disabled if he engages in any gainful employment, regardless of whether the employee is working in pain.
We reject appellants' contention for the following reasons. Prior to the 1975 amendment an employee would be considered totally disabled if an injury prohibited him from doing "work of any reasonable character." La.R.S. 23:1221(1) and (2). "Work of any reasonable character" was construed to mean work of the same or similar nature that was being performed at the time of the accident. Thus a skilled laborer was considered totally disabled if he was unable to perform his special skill as a result of the injury. An unskilled laborer was considered totally disabled if he was unable to compete on the open market with able-bodied men for unskilled jobs. Lawless v. Steel Erectors, Inc., 254 La. 37, 222 So.2d 849 (1969); Olivier v. Liberty Mutual Insurance Company, 241 La. 745, 131 So.2d 50 (1961); Hughes v. Enloe, 214 La. 538, 38 So.2d 225 (1948); Ranatza v. Higgins Industries, Inc., 208 La. 198, 23 So.2d 45 (1945); Thompson v. Natchitoches Parish Hospital Service District, 335 So.2d 81 (La.App. 3rd Cir. 1976), application denied 338 So.2d 298 (La.1976); Lathers v. Schuylkill Products Company, 111 So.2d 530 (La.App. 1st Cir. 1959); Comment, 1975 Amendments to the Louisiana Workmen's Compensation Act, 36 La.L.Rev. 1018 (1976).
Act 583 of the 1975 legislative session changed Section 1221 of the Workmen's Compensation Act to read in part:

"SUB-PART B. DISABILITY BENEFITS
§ 1221. Temporary, permanent, or partial disability; schedule of payments Compensation shall be paid under this Chapter in accordance with the following schedule of payments:
(1) For injury producing temporary total disability of an employee to engage in any gainful occupation for wages whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee, at the time of injury, was particularly fitted by reason of education, training, and experience, sixty-six and two-thirds per centum of wages during the period of such disability.
(2) For injury producing permanent total disability of an employee to engage in any gainful occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee, at the time of injury, was particularly fitted by reason of education, training, and experience, sixty-six and two-thirds per centum of wages during the period of such disability.
(3) For injury producing partial disability of the employee to perform the duties in which he was customarily engaged when injured or duties of the same or similar character, nature, or description for which he was fitted by education, training, and experience, sixty-six and two-thirds per centum of the difference between the wages the employee was earning at the time of the injury and any lesser wages which the injured employee actually earns in any week thereafter in any gainful occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee, at the time of injury, was particularly fitted by reason of education, training, and experience, during the period of disability, but not beyond a maximum of four hundred weeks for such partial disability resulting from injury occurring on and after September 1, 1975, and on or before August 31, 1976; . . .."
*1358 Thus it would appear that what was previously considered by the court as total disability has been legislatively converted to partial disability. Under the clear wording of the amended statute, if an employee is prevented from returning to his former employment but is not prevented from engaging in gainful activity at some job he is considered partially disabled. An employee is totally disabled only when he cannot engage in any gainful employment.
Under the previous statute there developed the jurisprudential rule, apparently applied in this case, that an injured employee could be considered totally disabled if he could work only in substantial pain. We think it significant that the legislature did not expressly modify this well established rule with the new amendments to the statute. We recently discussed this absence in Phillips v. Dresser Engineering Company, 351 So.2d 304 (La.App. 3rd Cir. 1977), a case coming before this court under the new disability provisions. The Supreme Court denied writs in this case on January 13, 1978, 353 So.2d 1048 (La.1978).
Phillips involved a welder who injured his back while he was employed as a welder's helper. The employee experienced severe pain but was forced to return to gainful employment as a welder because of economic difficulties. The employee was making more upon return to work as a welder than he was making at the time of the accident as a welder's helper. This court affirmed the trial court's determination that the employee was totally and permanently disabled. We adopted with approval the language of the trial court which found that severe pain, in and of itself, could be disabling:
"[A] literal interpretation of the amended act would seem to indicate that if plaintiff is working, he is not permanently disabled but only partially disabled. I cannot believe that it was the intent of the legislature to require an injured workman who has never fully recovered from his injury, to go out and find employment and to work in substantial pain. Such a workman would be a hazard to himself and all fellow workers. In my judgment, I feel that it was the intention of the legislature to say in effect, if a workman has recovered from his injury to such an extent that he may do some income producing work, but not the same work as before injury, then he may not recover benefits under the act as a totally and permanently injured workman. [However] I do not interpret the amended act to mean a workman who is in substantial pain while doing any work must still return to some gainful employment. To hold otherwise would mean that only a paraplegic would be considered totally and permanently disabled under the present workmen's compensation act."
We also added our own comments in a footnote, which stated that:
"Act No. 583 of the 1975 Regular Session of the Louisiana Legislature, amending LSA-R.S. 23:1221, as to permanent and total disability makes no reference whatsoever to a situation where an injured employee recovers to such an extent that he can do some work post-injury, but does so under great or substantial pain and physical distress.
Prior to Act 583 of 1975, it was axiomatic, in Louisiana jurisprudence, that a worker who recovered sufficiently to return to gainful employment, but could only do so in great or substantial pain, was generally considered to be totally and permanently disabled. The rationale of this rule was that the workmen's compensation act should be considered in the light of its philosophically humane overtones. Consequently, such a worker who returned to gainful employment presumably because of economic distress considerations should not be penalized therefor by denying him workmen's compensation benefits for total and permanent disability. (The cases so holding are too numerous to mention herein.)
We would make reference, however, to the expressions contained in the text of LOUISIANA WORKMEN'S COMPENSATION, LAW AND PRACTICE, by *1359 Professor Wex Malone, Sections 274 and 278. While this venerable treatise was published 24 years prior to Act 583, and the myriad of cases applying the great or substantial pain factor, antedated Act 583, nonetheless we are of the opinion that the rationale and philosophy advocated and relied upon prior to Act 583, retained their validity after Act 583. The Legislature, in adopting the said Act, could very well, if it intended to affect the jurisprudence on this issue, have included language therein to legislatively alter or overrule the said jurisprudence. We construe its failure to do so as an intent to leave such jurisprudence undisturbed."
We find the Phillips case virtually indistinguishable from the instant case and follow our previous holding. However, to the extent necessary we clarify our previous comments. Our interpretation of the amended statute is that an injured employee is totally disabled if he is unable to pursue any gainful employment without experiencing substantial pain.[2] We feel that this interpretation reconciles the jurisprudential rule with the express terms of the amended statute.
The evidence in this case makes it apparent that the employee's pain is such that it will be experienced in all types of reasonable employment. Plaintiff testified that he could not sit in one position for extended periods of time without his back hurting and that, consequently, he could not ride in an automobile for any period longer than an hour. He also testified that he could not stand up for longer than an hour without experiencing pain. Plaintiff further stated that he frequently cannot sleep at night because of the pain and that he often has to spend his nights sitting in a reclining chair with a heating pad. This was substantiated by plaintiff's wife, who testified at trial. Moreover, plaintiff had to sometimes miss work on the police force because of pain, even though he was on light duty.
Plaintiff's complaints of pain were also verified by the testimony of Doctor Cook, who stated that plaintiff frequently complained of severe back pain after he returned to police work. The doctor stated that plaintiff was a very stoic person and would not complain unless he actually had trouble. Furthermore, Doctor Simonton stated that plaintiff could expect exacerbation of pain in the future, although he could have intermittent remissions.
We thus hold that this employee, who suffers substantial pain when engaging in gainful employment, is totally disabled. The trial judge did not err in so finding.

II. AMOUNT OF COMPENSATION
Appellant contends that the trial judge erred in finding that the value of plaintiff's non-monetary salary was $100.00 per week. We have reviewed the record and find that the evidence was insufficient to establish the value of the goods and services received by plaintiff as remuneration for his labor on the farm to the extent claimed. At the time of trial plaintiff was receiving $61.33 in weekly compensation benefits from the insurer. Plaintiff has not shown that he was entitled to greater weekly benefits. We therefore amend the judgment of the trial court awarding weekly benefits of $66.66 to provide for weekly benefits of $61.33. See Spears v. Glasscock Drilling, Inc., 324 So.2d 912 (La.App. 3rd Cir. 1975).

III. PENALTIES AND ATTORNEY'S FEES
Appellants' contention that the trial court erred in awarding statutory penalties *1360 and attorney's fees is unavailing. Compensation payments were paid from the time of the accident, May 22, 1976, until October 22, 1976. The testimony of David Knott, an adjuster for the defendant insurance company revealed that the payments were ceased because of a telephone conversation with someone at Doctor Cook's office on October 28, 1977, who stated that plaintiff would be given a return to work slip. In addition Knott stated that he had seen plaintiff around town working as a police officer. When a written report was finally received from the doctor's office, it stated that plaintiff could only return to work for light duties on a trial basis, and that plaintiff would still experience substantial pain. The insurer made no attempt to contact the plaintiff, his employer, his fellow employees at the farm or on the police force, or any family member.
We feel that in order to stop compensation payments under the facts of this case, it became incumbent upon the insurer to make a further investigation to determine on what basis plaintiff was returning to work. Since no investigation was made, the trial judge did not err in imposing penalties and attorney's fees. E. g., Norris v. Southern Casualty Insurance Company, 342 So.2d 874 (La.App. 3rd Cir. 1977), writs denied 344 So.2d 670 (La.1977); Horn v. Vancouver Plywood Company, 322 So.2d 816 (La.App. 3rd Cir. 1975); Chavis v. Maryland Casualty Company, 307 So.2d 663 (La.App. 3rd Cir. 1975), writ denied 310 So.2d 854 (La.1975); Dobbins v. Liberty Mutual Insurance Company, 280 So.2d 582 (La.App. 3rd Cir. 1973).

IV. INTEREST ON WEEKLY BENEFITS FROM DATE OF JUDICIAL DEMAND
Appellants' final contention is that the trial court erred in awarding interest on weekly compensation benefits from the date of judicial demand rather than from the date due. We find this contention without merit because the judgment of the court provides interest from the date due and not from the date of judicial demand. Although the court's written reasons could possibly be construed to provide for interest from date of judicial demand, the actual judgment is clear and provides:
"[It is] ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the plaintiff, Alton Rachal, and against the defendants, Highlands Insurance Company and Donald Rachal, in solido, decreeing the plaintiff to be totally and permanently disabled within the intendment of the Louisiana Workmen's Compensation Statute and awarding him judgment for workmen's compensation benefits, against the defendants, in solido, for the sum of $66.66 per week for each weekly period, beginning May 22, 1976, together with legal interest thereon from due date until paid and so long as plaintiff's disability continues; the defendants to be allowed credit for all previous compensation paid."
Interest was awarded properly from the date due; consequently there was no error.

V. INCREASE IN ATTORNEY'S FEES
Appellee has answered the appeal requesting an increase in attorney's fees from $3,000.00 as awarded by the trial court to $4,000.00 to cover services rendered by his attorney on appeal to this court. Looking to the record in this case and considering the fact that the judgment has been amended on appeal, we do not feel an increase in attorney's fees is warranted.
For the above reasons the judgment of the District Court is amended so as to reduce the amount of weekly compensation benefits from $66.66 to $61.33. In all other respects the judgment is affirmed. Costs on appeal are to be assessed on the basis of three-fourths to the appellant, and onefourth to the appellee.
AFFIRMED AS AMENDED.
CULPEPPER, J., concurs and assigns reasons.
WATSON, J., concurs and assigns brief written reasons.
*1361 CULPEPPER, Judge, concurring.
I concur because on January 13, 1978, 353 So.2d 1048, our Supreme Court denied writs in Phillips v. Dresser Engineering Company, 351 So.2d 304 (La.App. 3rd Cir. 1977). The Phillips case cannot be distinguished from the present matter on the issue of whether plaintiff, although earning wages, is permanently disabled by pain under Act 583 of 1975, which amended our Workmen's Compensation Law. I was not on the panel of this Court in Phillips, so I was not called upon to express a view on the issue in that case.
Although I concur, I find it difficult to reconcile the Phillips case and the decision in the present case with the decision in LeBlanc v. Commercial Union Assurance Company, 349 So.2d 1283 (La.App. 1st Cir. 1977), in which our Supreme Court also denied writs on November 4, 1977, 351 So.2d 174. In LeBlanc, the Court of Appeal, First Circuit held:
It appears that the amendment to 1221, above, was intended to relieve the effect of prior jurisprudence which held that an injured employee was entitled to benefits when he could not perform the same or similar work in which he was engaged when injured but could, nevertheless, earn wages at some other occupation. We so find, because Section 1221(3), as amended in 1975, fixes compensation for partial disability at " . . . sixty-six and two-thirds per centum of the difference between the wages the employee was earning at the time of the injury and any lesser wages which the injured employee actually earns in any week thereafter in any gainful occupation . . .." (Emphasis by the court.) We interpret this language to mean that a partially disabled employee who remains unemployed during the continuance of partial disability is entitled to receive the compensation presently provided in Section 1221(3), above, for the period of such disability, not exceeding 400 weeks. If, however, such an employee secures other employment at wages less than those earned at the time of injury, he is entitled to compensation at the rate of sixty-six and two-thirds per cent of the difference between the wages earned at time of injury and wages actually earned thereafter in any other work. If such an employee earns wages equal to or greater than those earned at time of injury, he is entitled to no compensation during the period such equal or greater wages are earned. It is elementary that the right to any compensation whatsoever ceases upon cessation of partial disability. That there might be inherent inequity in the present definition of partial disability and the benefits provided therefor, is a matter which addresses itself to the legislature. Our function is to interpret the statute as written. We find that the statute as amended intends that a partially disabled employee shall be paid compensation for such period of disability during which he earns no wages in any gainful occupation.
I respectfully recommend that our Supreme Court review these cases to determine whether it should grant a writ and clarify these holdings.
WATSON, Judge, concurring:
This is another pain case under the Workmen's Compensation Act as amended in 1975. The plaintiff here suffers severe and substantial pain of a nature to prevent him from carrying out all of his duties as a policeman, although he has been assigned only light work. He was injured, of course, while working on his brother's farm.
In Phillips v. Dresser Engineering Company, 351 So.2d 304 (La.App. 3 Cir. 1977), writ denied 353 So.2d 1048 (La.1978), I dissented because I did not think the plaintiff proved that he suffered pain which would disable him within the contemplation of the Act as amended. The Supreme Court, despite what I considered an extremely weak factual situation, declined to grant writs. The instant case is much stronger than Phillips, and presents a situation where plaintiff is suffering real and substantial pain which disables him from engaging in any gainful occupation for wages.
*1362 Therefore, I concur in affirming the trial court's conclusion that plaintiff is totally and permanently disabled, and in the other results of the principal opinion.
NOTES
[1] Compensation benefits were resumed prior to trial but after the filing of suit on April 26, 1977, with a check covering all past due amounts.
[2] To date, we are aware of two other appellate cases interpreting the new disability provisions of the Workmen's Compensation Act, both being from the First Circuit: Kilbourne v. Armstrong, 351 So.2d 802 (La.App. 1st Cir. 1977), and LeBlanc v. Commercial Union Assurance Co., 349 So.2d 1283 (La.App. 1st Cir. 1977). Taken in the abstract, the interpretation there may appear to conflict with our interpretation. Neither of those cases dealt with the situation where an employee was earning wages, but only because of working in substantial pain. We, therefore, do not feel that our interpretation of the amended statute is necessarily in conflict with that of our brothers on the First Circuit.