CULPEPPER, Judge.
Plaintiff seeks workmen’s compensation benefits for total and permanent disability. The accident occurred on October 4, 1975 while plaintiff was employed by Robert L. McCoy as the driver of an 18-wheel truck loaded with rice. He was on top of the truck, pulling a tarpaulin over the rice, when he lost his balance and fell, landing on his feet. The os calcis (heel bone) of his right foot was fractured into the sub-talar joint (lower part of the ankle). The defendant, who carried workmen’s compensa *657 tion insurance on McCoy, paid benefits for total disability from October 4, 1975 to April 9, 1976, and then made payments for partial disability to January 2, 1977.
The district judge held that under the 1975 amendment to the Workmen’s Compensation Act, as construed in the case of LeBlanc v. Commercial Union Assurance Company, 349 So.2d 1283 (1st Cir. 1977), the plaintiff is not entitled to benefits because he returned to work, driving the same kind of truck, in March of 1976, and he has been continuously driving since that time and earning wages equal to or more than those which he was earning at the time of the accident. From a judgment dismissing his suit, plaintiff appealed.
The factual issue is whether plaintiff, after he returned to work, was able to do so without experiencing “substantial pain” within the meaning of Phillips v. Dresser Engineering Company, 351 So.2d 304 (3rd Cir. 1977) and Rachal v. Highlands Insurance Company, et al., 355 So.2d 1355 (3rd Cir. 1978). We ultimately conclude plaintiff did not experience “substantial pain” after he returned to work, so these cases do not apply.
The original treating orthopedist, Dr. Cayer, died, and plaintiff’s treatment was taken over by Dr. John T. Weiss, an orthopedist in Alexandria. Dr. Weiss saw plaintiff first on February 6,1976, at which time he had Dr. Cayer’s records. These records showed that after an initial period of about four days in the hospital and the application of a long leg cast followed by a short walking cast, the fracture healed in good position. Dr. Cayer released to plaintiff to return to work on a trial basis on January 5, 1976.
Dr. Weiss’ examination on February 6, 1976 revealed that the bone was healed in good position. He recommended that plaintiff return to work with a lace-up boot. Dr. Weiss saw plaintiff subsequently on March 5,1976, on May 7,1976, on July 9, 1976 and last saw him on August 24,1977. On these occasions plaintiff complained that his heel was tender and that after driving his truck for a long period of time with his foot on the accelerator, his heel and ankle would become painful. Nevertheless, Dr. Weiss recommended that plaintiff continue to work because use of the foot and ankle would help recovery. At the time Dr. Weiss last saw plaintiff, on August 24,1977, the doctor stated he found the following: “He was working. He was getting a little soreness at his right heel. He had mild sub-talar discomfort or passive motion. The ankle motion itself, which is the joint above, appeared quite normal. Forefoot motion was normal. There was some sensitivity around the sub-talar joint medially and laterally on deep palpation.” The doctor also found no arthritic changes resulting from the fracture.
On the occasion of his last examination, Dr. Weiss estimated plaintiff had about a 20% loss of the use of the foot and a 15% loss of the use of his leg. It was Dr. Weiss’ opinion that the condition would improve, and that plaintiff would not need a fusion of the sub-talar joint to relieve the pain. Dr. Weiss testified that a fusion would leave the joint stiff, and that the pain being experienced by plaintiff was not sufficient to recommend a fusion. This physician summarized by stating: “I think he is going to have varying degrees of some discomfort, but I don’t think that the discomfort is going to be sufficient to prevent him from driving his truck.”
The other expert medical witness was Dr. Fred C. Webre, an orthopedist in Lafayette. This physician examined plaintiff on August 15, 1977 at the request of the defendant insurer. His findings were substantially the same as those by Dr. Weiss, except that Dr. Webre was more specific in his opinion that plaintiff did not suffer “substantial pain” while driving his truck. Dr. Webre was of the opinion that plaintiff could drive his truck and that he could even assist in the loading and unloading without disabling pain.
Plaintiff testified that he could drive his truck on “short hauls” without too much discomfort, but that on long hauls, where he had to keep his foot on the accelerator for extended periods of time, his foot be *658 came very sore. Plaintiff also said he could not climb on the truck or assist in carrying bags of rice or soybeans or watermelons, or such weight-bearing activities involved in unloading the truck. . He also said he could not jump down from the truck on his tender heel.
Plaintiff’s employer, Mr. McCoy, testified that plaintiff could drive the truck on short hauls, but that on the long hauls requiring four to eight hours of driving, plaintiff complained that his foot would become very painful. McCoy also corroborated plaintiff’s testimony that he could not do the heavy lifting required in unloading.
The evidence shows that at the time of the accident plaintiff was earning a guaranteed wage of $100 per week plus a commission. After he returned to work following the accident, his guaranteed weekly wage was increased to $120 a week and he normally earned $200 to $300 a week. He is earning more now than he was at the time of the accident.
As stated above, the district judge based his decision on LeBlanc v. Commercial Union Assurance Company, 349 So.2d 1283 (1st Cir. 1977), writ denied by the Supreme Court, 351 So.2d 174, in which the First Circuit Court of Appeal applied literally the provisions of the 1975 Amendment to LSA.-R.S. 23:1221(2) that an employee is not entitled to workmen’s compensation benefits where he has returned to work and the wages which he “actually earns” are greater than those which he was earning at the time of the accident. At the time the district judge decided this case LeBlanc was the most recent appellate opinion on the issue, and the district judge was clearly correct in applying it.
Subsequently, a panel of the Third Circuit in Phillips v. Dresser Engineering Company, 351 So.2d 304 (3rd Cir. 1977), writ denied by the Supreme Court, 353 So.2d 1048, refused to apply literally the “wages actually earned” provision of the 1975 Amendment. The majority held it was not the intent of the legislature “to require an injured workman who has never fully recovered from his injury, to go out and find employment and to work in substantial pain.” (Emphasis supplied)
In a later case, Rachal v. Highlands Insurance Company, et al., 355 So.2d 1355 (3rd Cir. 1978), the majority followed Phillips. A concurring opinion expressed difficulty reconciling the Supreme Court’s denial of writs in both LeBlanc and Phillips, and suggested the Supreme Court grant a writ to clarify the law on the issue. Nevertheless, the Supreme Court denied a writ on May 22, 1978, with three justices voting to grant the writ.
In the very recent ease of Lott v. Brennan’s House of Printing, Inc., et al., 359 So.2d 746 (4th Cir. 1978), the court cited the LeBlanc case and also Kilbourne v. Armstrong, 351 So.2d 802 (1st Cir. 1977), indicating that the Court of Appeal, Fourth Circuit also construes literally the “wages actually earned” provision of the 1975 Amendment.
In the present case, it is not necessary to express an opinion as to which is correct, the LeBlanc case from the First Circuit or the Phillips and Rachal cases from the Third Circuit. Even under Phillips and Rachal, the evidence in the present case does not show that plaintiff experienced “substantial pain” after he returned to work. Neither of the two highly qualified expert medical witnesses stated that plaintiff experienced “substantial pain” while working. On the contrary, these experts were of the view that plaintiff should work and use his foot, and that he probably would improve. The plaintiff and his employer, Mr. McCoy, testified that plaintiff could drive the truck on “short hauls” without too much difficulty. They said that it was only on the long hauls, which Mr. McCoy described as those requiring from four to eight hours of driving, that plaintiff experienced much pain.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.
FORET, J., concurs in the result reached by the majority.