368 So.2d 154 (1978)
William C. HOLLIS, Plaintiff-Appellant,
v.
TRAVELERS INSURANCE COMPANY, Defendant-Appellee.
No. 6688.
Court of Appeal of Louisiana, Third Circuit.
October 13, 1978.
Broussard & Bolton, Frank R. Bolton, Jr., Alexandria, for plaintiff-appellant.
Gold, Little, Simon, Weems & Bruser, Edward E. Rundell, Alexandria, for defendant-appellee.
Before WATSON, GUIDRY and FORET, JJ.
FORET, Judge.
The sole issue presented on this appeal is whether William Hollis is partially disabled *155 within the meaning of LSA-R.S. 23:1221(3) as amended by Act 583 of 1975.
On December 29, 1976, plaintiff was injured while working within the course and scope of his employment with Pensacola Construction Company. Travelers Insurance Company, the workmen's compensation insurer of Pensacola Construction Company, paid plaintiff compensation benefits in the amount of $95.00 per week from December 29, 1976, through February 19, 1977. It was further stipulated that Travelers paid plaintiff's medical and surgical expenses resulting from his injury in the amount of $1,840.25. As a result of the accident on December 29, plaintiff suffered an injury to his abdomen and his knees. Plaintiff's treating physician, Dr. E. R. Villemez, released plaintiff to return to his former occupation as a dragline operator on February 19, 1977. Plaintiff remained employed by Pensacola Construction Company until the first part of June, 1977, when he returned to his home in Pine Bluff, Arkansas. Since his return to Pine Bluff, plaintiff has been steadily employed as a carpenter at a wage of $6.00 per hour. Plaintiff earned a wage of $6.30 per hour while working as a dragline operator and frequently earned time and a half overtime at his former occupation.
Plaintiff testified that he voluntarily terminated his employment with the Pensacola Construction Company because he felt that he could not continue to work without experiencing pain in his right knee and without exposing his fellow employees to danger should his leg fail him during the operation of his machine. Plaintiff's wife, Dorothy Jean Hollis, corroborated plaintiff's complaints of pain in his right knee as well as his reasons for leaving his job with Pensacola Construction Company.
Plaintiff contends that he told a supervisor on the job that he was experiencing trouble with his right knee and foot. This supervisor died prior to the trial. Joe Zagar, a fellow employee of plaintiff's at Pensacola Construction Company, testified that plaintiff never complained of pain in his right knee after the accident. Mr. Zagar, as well as Weldon Silvey, the office manager of Pensacola Construction Company, testified that plaintiff terminated his employment with Pensacola for personal reasons.
Dr. Villemez, the treating physician, was not called upon to testify at the trial. Dr. John P. Weiss, an orthopedic surgeon, examined plaintiff on January 31, 1978. Based upon plaintiff's history and his subjective complaints, Dr. Weiss opined that plaintiff's disability of the knee was about 10%. A report from Dr. Frank Reed indicates that plaintiff has no more than a 5% permanent partial disability to the knee joint. Both doctors indicate that plaintiff's condition was more in the nature of discomfort than disability.
LSA-R.S. 23:1221(3), as amended by Act 583 of 1975, defines partial disability as disability to perform the duties in which the worker was customarily engaged when injured, or duties of the same or similar character for which the worker was fitted by education, training, and experience. This definition substantially encompasses the jurisprudential definition of permanent total disability prior to 1975. See: Ashworth v. Elton Pickering, Inc., 361 So.2d 940 (La.App. 3 Cir. 1978) and Rachal v. Highlands Insurance Company, 355 So.2d 1355 (La.App. 3 Cir. 1978). Recent jurisprudence has held that when an employee can only work in substantial pain or at substantial risk to his health, he is entitled to either total disability compensation (Phillips v. Dresser Engineering Company, 351 So.2d 304 (La.App. 3 Cir. 1977) and Rachal, supra) or partial disability compensation (LeBlanc v. Commercial Union Assurance Company, 349 So.2d 1283 (La.App. 1 Cir. 1977)). However, it is well settled that a claimant who alleges disability because of inability to perform his usual and regular duties without substantial or appreciable pain must establish the existence of that condition to a reasonable certainty and by a fair preponderance of testimony. Breaux v. Kaplan Rice Mill, Inc., 280 So.2d 923 (La.App. 3 Cir. 1973); Gros v. Employers Insurance of Wausau, 338 So.2d 986 (La.App. 4 Cir. *156 1976); Rachal v. Fireman's Fund Insurance Co., 360 So.2d 656 (La.App. 3 Cir. 1978); Ennis v. Plant Service Construction Company, 316 So.2d 168 (La.App. 4 Cir. 1975), and Clevinger v. Continental Insurance Companies, 211 So.2d 718 (La.App. 2 Cir. 1968). A claimant will not be held to be disabled solely because he suffers some residual pain and discomfort when he attempts to work following a work-related accident. The residual pain or discomfort in such a circumstance will be considered disabling only if it is substantial or appreciable pain. Breaux v. Kaplan Rice Mill, Inc., supra.
The trial judge found that plaintiff had failed to prove his disability to perform his former occupation. Such a factual determination by the trial judge when based upon his evaluation of credibility cannot be disturbed on appeal absent manifest error. Canter v. Koehring Co., 283 So.2d 716 (La.1973). The standard of review enunciated in Canter has been consistently applied by this Court to workmen's compensation suits. Butts v. Insurance Company of North America, 352 So.2d 745 (La.App. 3 Cir. 1977); Dowden v. Liberty Mutual Insurance Company, 346 So.2d 1311 (La.App. 3 Cir. 1977), and Broussard v. Acadia Industries, Inc., 339 So.2d 48 (La.App. 3 Cir. 1976).
Our review of the record indicates that there was a reasonable factual basis from which the trial judge could infer that plaintiff was not disabled from performing his former occupation.
For the reasons assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to appellant.
AFFIRMED.