GULOTTA, Judge,
dissenting.
I dissent.
In this workmen’s compensation suit plaintiff was awarded benefits at the rate of $95.00 per week, commencing September 21, 1976 “for disability, during the period of his disability, . . . , subject to a credit for each installment already paid; and for medical expenses up to the ‘amount allowed’ ...”
Jules Dusang, an ironworker-welder, sustained injury to the right hand, wrist, elbow and shoulder on September 21, 1976 in a work connected accident. Plaintiff’s injuries were diagnosed as a sprain of the right wrist and biceps tendonitis of the right shoulder. Dusang continued in his employment after the injury until January 1977 at which time he was terminated because of a reduction in work force. For approximately six weeks thereafter Dusang received unemployment compensation. However, following that interim plaintiff again became employed and continued employment in similar type work as that in which he was engaged at the time of the accident. At the time of trial Dusang was apparently employed as an electrician welder doing welding of a less arduous type. His hourly pay between the date of injury (September 21, 1976) and the trial dates (April 4, 1978 and May 11, 1978) had increased.
Defendant, appealing, contends that an employee who has no functional disability, has never been hospitalized, required no surgery, required no medication approximately five or six months after the accident, and who has been employed continuously (with the exception of the time that he received unemployment compensation) since the accident in the same or similar type of work, earning a greater income than at the time of injury, is not entitled to workmen’s compensation.
Defendant relies heavily on LeBlanc v. Commercial Union Assurance Company, 349 So.2d 1283 (La.App. 1st Cir. 1977), writ denied, 351 So.2d 174 (La.1977); Kilbourne v. Armstrong, 351 So.2d 802 (La.App. 1st Cir. 1977); and Barksdale v. Southern Airways, Inc., 365 So.2d 493 (La.App. 1st Cir. 1978). In the LeBlanc case the First Circuit held that an employee is not entitled to workmen’s compensation benefits where he is earning greater wages than at the time of the accident. In that case, the Court stated:
“. . . If such an employee earns wages equal to or greater than those earned at time of injury, he is entitled to no compensation during the period such equal or greater wages are earned.”
Plaintiff, on the other hand, relying on the Third Circuit decision in Phillips v. Dresser Engineering Co., 351 So.2d 304 (La. App. 3rd Cir. 1977), writs denied, 353 So.2d 1048 (La.1978), contends that a claimant who is working in substantial pain is entitled to receive workmen’s compensation, even though the employee earned more upon returning to work as a welder than he *780 had been earning at the time of the accident. See also Rachal v. Highland Insurance Company, 355 So.2d 1355 (La.App. 3rd Cir. 1978), writ denied, 358 So.2d 645 (La.1978).
The primary problem with which we are confronted is whether one who suffers substantial pain when he continues in his same or similar occupation, where no showing had been made by the employee that his injury would cause substantial pain while performing any other occupation, is permanently and totally disabled or temporarily and totally disabled on the one hand, or partially disabled on the other.
The Legislature by Act 583 of 1975, as incorporated in R.S. 23:1221, redefined disability under the Compensation Act. R.S. 23:1221 provides, in pertinent part, as follows:
“(1) For injury producing temporary total disability of an employee to engage in any gainful occupation for wages whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee, at the time of injury, was particularly fitted by reason of education, training, and experience, sixty-six and two-thirds per centum of wages during the period of such disability.
(2) For injury producing permanent total disability of an employee to engage in any gainful occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee, at the time of injury, was particularly fitted by reason of education, training, and experience, sixty-six and two-thirds per centum of wages during the period of such disability.
(3) For injury producing partial disability of the employee to perform the duties in which he was customarily engaged when injured or duties of the same or similar character, nature, or description for which he was fitted by education, training, and experience, sixty-six and two-thirds per centum of the difference between the wages the employee was earning at the time of the injury and any lesser wages which the injured employee actually earns in any week thereafter in any gainful occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee, at the time of injury, was particularly fitted by reason of education, training, and experience, during the period of disability . . . .”
In Phillips, supra, a welder’s helper who sustained a work connected injury but who returned to his trade as a welder and worked in substantial pain, was found to be permanently and totally disabled. In Ra-chal, supra, a claimant, who was employed both as a police officer and a farm worker, was injured while working on the farm. He did not return to the farm after the injury but did return to police work. However, the evidence in Rachal indicated that although the plaintiff was working as a police officer he was doing so in substantial pain. The Court found Rachal totally disabled for the purposes of workmen’s compensation. Although the plaintiff in that case had never returned to work on the farm he had returned to light police work five months after the accident. The Rachal Court stated:
“Our interpretation of the amended statute is that an injured employee is totally disabled if he is unable to pursue any gainful employment while experiencing substantial pain.”
The court went on to say:
“We thus hold that this employee, who suffers substantial pain when engaging in gainful employment, is totally disabled.”
However, in the LeBlanc case, supra, the Court found partial disability where an employee had suffered lung damage due to inhalation of ammonia gas while employed in an industrial plant and was unable to return to his same job, but had obtained employment in another unrelated occupa *781 tion at an hourly rate of pay in excess of that earned by him at the time of the injury.
This Court in Dufrene v. St. Charles Parish Police Jury, 371 So.2d 378 (La.App. 4th Cir. 1979) concluded that a heavy equipment operator who could not, because of substantial pain, perform the heavy work of lifting or pulling required of him, suffered partial disability where there was no additional evidence to show that he “reasonably could not do work of a reasonable character available to him.” The Dufrene Court went on to say that the evidence:
. . does not negate his ability to do lighter work of the same character, for example, lighter machines or vehicles, or work not involving heavy lifting or pulling with his left hand.”
In connection with the factual question of plaintiff’s “substantial pain” in the instant case, plaintiff’s wife and co-workers, who were working with plaintiff at the time of the accident and subsequent thereto, testified of Dusang’s continuous complaints of shoulder pain from the time of the accident up to the dates of trial. The co-workers explained that plaintiff’s pain restricted him in performing certain tasks and that on occasions plaintiff received assistance in his work. According to these witnesses, plaintiff complained practically every day about the pain in his shoulder. These workers indicated that ironworkers and welders were occasionally required to do heavy lifting and overhead work. There was also testimony indicating that plaintiff’s present job as an electrician welder was less arduous than his pre-injury work as an iron-worker welder.
Plaintiff’s medical treatment extended from the day following the accident (September 21,1976) to July 21,1977 and included cortisone injections, heat treatment and over-the-counter drugs. The claimant’s injury was described as bicipital tendonitis of the shoulder, as well as reactive synovitis of the wrist.[1] Because of plaintiff’s failure to respond to conservative treatment, Dr. Kenneth Adatto, who saw plaintiff on February 17, 1977 and treated him through July 21, 1977, indicated that surgery would probably be required to reroute the biceps tendon. He indicated further that lifting, extending and rotating the arm would produce pain. These activities, according to the physician, cause the bicipital tendon to become stretched.
Plaintiff’s supervisor testified that between the date of the accident, September 21, 1976 and the date of termination, January 21, 1977, plaintiff neither complained about shoulder pain nor complained of inability to carry out his job.
The orthopedic surgeon who examined plaintiff on October 22, 1976 and found biceps tendonitis of the right shoulder and a sprain of the right wrist, also found plaintiff much improved on an October 27th visit. Further improvement was noted on a November 2, 1976 visit. Plaintiff was seen again by this physician on November 8, 1976, at which time he was found to be “greatly improved”. According to this expert, a person suffering from this type of tendonitis would “nearly always get well” and “recover completely”. This witness stated further that tendonitis of this nature rarely continues.
In my opinion, the evidence supports a conclusion that for the period of time between the date of injury through the time of trial, Dusang was unable to perform his occupation as a welder without substantial pain.[2] And, well established is the jurisprudential rule that an injured workman is not *782 required to work in substantial pain. See Dufrene, supra; Phillips, supra; Rachal, supra; and LeBlanc, supra.
However, is such an employee, as our plaintiff, entitled to total or partial disability benefits?
Unfortunately, the Legislature failed to come to grips with the substantial pain problem in circumstances such as the instant case. If we literally interpret sections 1 and 2, as written, and apply them to the facts in our case, an employee would only be able to establish permanent total disability or temporary total disability if he could show that he was unable to engage in every type of work without substantial pain. Were we so to interpret the statute, we would be placing a virtually impossible task upon the employee who pursues work of a similar nature and does so in substantial pain. Because we are dealing here with social legislation, we cannot construe the statute so literally as to place an unreasonable burden of proof on the employee.
Accordingly, I conclude that where an employee proves that he has pursued his post-accident employment of a similar but lighter nature, but does so in substantial pain, even while receiving greater wages than earned at the time of the injury, he is permanently and totally disabled or temporarily and totally disabled. The trial judge awarded benefits for disability during the period of disability, subject to a credit for any amount already paid by defendant. I find no error in that judgment.
CHEHARDY, Judge, dissenting for reasons assigned by GULOTTA, J.
I respectfully dissent for the reasons assigned in the dissenting opinion of Gulotta, J.

. Although not clear from the record, it appears that tendonitis of the shoulder is an inflammation of the biceps tendon. This tendon runs in the groove of the shoulder and is encased in ligaments and tissue. The irritation and inflammation can be caused spontaneously or as the result of an injury. Synovitis of the wrist seems to be an inflammation of the membranes located in the joint of the wrist.

. Although there are no reasons for judgment included in the record, a reasonable inference arises that by awarding the disability the trial judge concluded that Dusang proved substantial pain.