SCHOTT, Judge,
concurring in the denial of the application for rehearing.
In its application for rehearing the City makes a persuasive argument that this case is distinguishable from Whitaker v. Church’s Fried Chicken, Inc., in that plaintiff did not prove that he was unable to do some other work without substantial pain. It correctly points out that Whitaker proved that he could only work in a “controlled environment in an indoor sedentary type of -occupation” and that he was unfitted for such employment because of his limited education and ability. However, the Supreme Court concluded:
“The evidence that Whitaker works in constant pain greatly preponderates. A finding of substantial pain requires that plaintiff be held disabled.”
One of the cases of which the court specifically approved was Rachal v. Highlands Ins. Co., 355 So.2d 1355 (La. App. 1st Cir. 1978), which contains the following:
“We thus hold that this employee, who suffers substantial pain when engaging in gainful employment, is totally disabled.”
The city considers Justice Marcus’s concurring opinion in Whitaker as lending further support to its position that the Supreme Court did not intend to construe permanent total disability under LSA R.S. 23:1221 as amended by Act 583 of 1975 as broadly as we did in our original opinion, but I construe Justice Marcus’s concurring opinion to mean that he reached the same result as the majority but did not construe total and permanent disability as broadly as the majority did. Had the majority said what Justice Marcus did I would agree with the City’s position. The result we reached in our original opinion is consistent with and is mandated by Whitaker.