LABORDE, Judge.
Willis Paul Fusilier, plaintiff-appellant, filed a worker’s compensation claim against Shurtleff & Andrews, Inc. and its insurer, Employers Casualty Company, defendants-appellees, for permanent and total disability arising out of a fall at Fusilier’s place of employment on November 21, 1979. After trial on the merits, judgment was rendered awarding Fusilier compensation at the rate of $148.00 per week for 100 weeks for loss of a physical function with a credit for the 88 weeks of compensation already paid. The trial court held that defendants-appel-lees were not arbitrary and capricious in their termination of benefits. The trial court further held that Fusilier was not disabled and therefore, not entitled to Worker’s Compensation disability benefits. Fusilier appeals. We affirm. We find that the trial court was not clearly wrong in its determination that Fusilier was not disabled.
The sole issue on appeal is whether or not Fusilier is disabled.
The facts are as follows: Fusilier sustained a moderate compression fracture of the L-l vertebra in his back as a result of a fall on the job on November 21, 1979. Dr. Phillips, orthopedist, who was Fusilier’s treating physician confirmed by x-rays that there was approximately a 50% compression fracture but that it was in a reasonably good position. Fusilier was placed in a back brace. On February 19, 1980, Dr. Phillips took more x-rays which demonstrated healing of the fractured, discontinued Fusilier’s use of the back brace and gave Fusilier permission to perform light work. Fusilier returned to Dr. Phillips on March 24, 1980, and the doctor’s report reflects that Fusilier had no complaints. Dr. Phillips rendered an additional report on May 2,1980, indicating that Fusilier had told him that he had stopped working sometime in April because his back kept bothering him after being at work all day. On June 2, 1980, Dr. Phillips completed a clinical examination of Fusilier, Dr. Phillips felt at that time that Fusilier could go from light to moderate work but said that he could not fully assume heavy ironworking until three to six months later. In his last examination of Fusilier on October 6, 1980, Dr. Phillips’ findings “were essentially normal”. He could find no objective signs of pain. The doctor noted continued healing and that Fusilier had reached maximum improvement. At that time, and at the time of trial, Dr. Phillips was of the opinion that Fusilier should be able to return to his previous work.
Dr. Phillips diagnosed Fusilier as having a 20% disability. This disability was based on the difficulties Fusilier may have with his back in the future.
Immediately following his release, Fusilier returned to his employment as an iron-worker with Andrews & Shurtleff, Inc. until he was terminated sometime in April, 1980, due to reduction in personnel. Later in the same year, Fusilier worked as an oiler-operator for the Imperial Construction Company. He worked for the same company during 1981 until the month of September. His termination was a result of a reduction in personnel.
In September, 1981, Fusilier filed this compensation proceeding claiming permanent and total disability as a result of the fall at work on November 21, 1979. The case was heard May 18, 1982, and the trial court found that Fusilier was not entitled to workmen’s compensation disability benefits. The trial court further held that Fusilier was entitled to compensation at the rate of $148.00 per week for 100 weeks for the loss of a physical function and that a credit should be given for the 88 weeks of compensation paid. Finally, the trial court found that the defendants-appellees were not arbitrary and capricious in their withdrawal of payments and therefore it denied attorney’s fees and penalties.
Fusilier contends that the trial court was clearly wrong in not finding him disabled. It is his contention that he cannot return to gainful employment as a result of the pain he suffers.
*1108 The trial court concluded that Fusilier’s complaints of pain were greatly exaggerated. We agree with the trial court that Fusilier may have suffered some pain but it was not substantial enough to be disabling.
A worker who cannot return to any gainful employment without suffering substantial pain is entitled to compensation benefits for total disability. Lattin v. HICA Corp., 395 So.2d 690 (La.1981). However, substantial pain cases must also be analyzed within the framework of the odd lot doctrine. Augustine v. Courtney Const. Co., Etc., 405 So.2d 579 (La.App. 3rd Cir.1981).
The Louisiana Supreme Court, in Lattin v. HICA Corporation, supra, stated that:
“The odd lot doctrine is also applicable to Substantial pain cases because a worker who, due to his injury, can function only with substantial pain or with the help of fellow workers may not be considered a particularly desirable employee. Thus, if a claimant’s pain appreciably limits the types of work available to him and greatly diminishes his ability to compete in the labor market, he can be treated as an odd lot worker and be awarded total disability, unless there is proof that jobs are realistically available to him. On the other hand, if a worker cannot perform the same work that he did before his injury because it causes him substantial pain, but he has the mental capacity to perform other jobs which are available, he should be considered partially disabled.”
Shurtleff & Andrews, Inc. is primarily engaged in structural ironworking. Carroll J. Shurff, Fusilier’s supervisor, provided a job description of the work Fusilier was doing prior to the accident. He testified that the job required climbing and lifting plates which weighed approximately sixty to eighty pounds. Fusilier testified that when he returned to work, he performed only light-duty work. He further indicated that he suffered from recurrent discomfort. The record reveals that Fusilier returned to work for approximately two months at which time his employment was terminated due to a reduction in personnel. Also, Fusilier obtained a job as an oiler-operator which lasted approximately one year. The alleged pain suffered by Fusilier was not the cause of the termination of either job. -The medical evidence shows that the fracture suffered by Fusilier in the accident had healed properly. Dr. Phillips felt that Fusilier had recovered sufficiently to return to his previous work. Although, Dr. Phillips diagnosed that Fusilier suffers from a 20% loss of the use of his body as a whole, he was not unable to do the work of a oiler-op-erator. Fusilier’s pain at the time of trial was apparently being relieved by non-prescriptive pain killers.
A claimant will not be held to be disabled solely because he suffers some residual pain and discomfort when he attempts to work following a work-related accident. The residual pain or discomfort in such a circumstance will be disabling only if it is substantial or appreciable pain. Hollis v. Travelers Ins. Co., 368 So.2d 154 (La.App. 3rd Cir.1978). Whether a claimant’s pain is substantial enough to be disabling is a question of fact that must be determined according to the circumstances of each individual case.
After carefully reviewing all of the evidence in the record, we conclude that the finding of the trial court that Fusilier’s pain was not substantial enough to render him totally and permanently disabled is not clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Company, 283 So.2d 716 (La.1973).
In order to be classified as partially disabled, Fusilier would have to prove that he cannot perform the same or similar work that he did before his injury because it causes him substantial pain. Lattin v. HICA Corp., supra. We have concluded that the trial court was not clearly wrong in finding that Fusilier was not suffering from substantial pain. We find that Fusilier has failed to prove that he cannot perform the same or similar work that he did before his injury because it causes him substantial pain. Therefore, he cannot be classified as being partially disabled.
*1109 For the above and foregoing reasons, the judgment of the trial court is affirmed at Willis Paul Fusilier, plaintiff-appellant’s costs.
AFFIRMED.