WILLIAMS, Judge.
This is an appeal by defendant Aetna Casualty and Surety Co. [“Aetna”] from a decision by the trial court granting plaintiff Kenneth Williams workers’ compensation benefits of $141.00 for 450 weeks.
At trial, the parties stipulated to the following facts: plaintiff was injured while working for Payne and Keller of Louisiana on February 23, 1979. He fell sixteen feet from a ladder onto a concrete surface. He suffered a broken wrist, a compression fracture of the T12 and LI, and a fracture of the hemipelvis. He was hospitalized for nine days. Aetna, Payne and Keller’s workers’ compensation insurer, paid $141.00 a week until February, 1981, at which time Aetna terminated benefits. A report from Dr. Michael McCutcheon dated January 27, 1982, stated that plaintiff was not totally disabled, but explained that he had been counseled not to obtain employment that would be constantly stressful to his back.
At trial, only plaintiff and his mother testified. Their testimony centered around plaintiff’s continuing pain. Plaintiff testified that he still suffers from pain in his lower back, right thigh, and right testicle. Plaintiff emphasizes that he has not actively sought reemployment nor has he explored retraining. The rehabilitation efforts defendant expended on plaintiff’s behalf ceased with his weekly payments.
Plaintiff completed high school. His work history consists of jobs requiring manual labor: off-shore rig work, oil field work, installing air-conditioning ducts. Plaintiff’s condition, as described in McCut-cheon’s report would seem to preclude his continuing any work of this type.
Plaintiff was found to be permanently partially disabled. (Plaintiff does not assert total disability in his demand letter to Aetna, made a part of the record and stipulated to by the parties, and concurs in Dr. McCutcheon’s finding plaintiff not to be totally disabled). A worker is partially disabled if he would experience substantial pain performing the type of work he was engaged in prior to his injury, but is still able to perform other work. La.R.S. 23:1221(3) repealed in 1983 (in effect at time of plaintiff’s injury); Reynolds v. Wal Mart Stores, Inc., 445 So.2d 490 (La.App. 2d Cir.1984); Bernard v. Merit Drilling Co., 434 So.2d 1282 (La.App. 3d Cir.1983). Whether the pain is so substantial as to render a worker partially disabled is a question for the trier of fact. Reynolds, supra. Because the trial court is given discretion in determining whether a worker is entitled to compensation and, if so, the length and amount, we cannot disturb the lower court’s ruling absent manifest error. Henson v. Handee Corp., 421 So.2d 1134 (La.App. 2d Cir.1982); Hollis v. Travelers, Inc., 368 So.2d 154 (La.App. 3d Cir.1978).
For the foregoing reasons, the decision of the trial court awarding plaintiff $141.00 a week for 450 weeks is AFFIRMED.
AFFIRMED.