451 So.2d 1317 (1984)
Cathy HOLLAND
v.
T.G. & Y. STORES.
No. 83 CA 0865.
Court of Appeal of Louisiana, First Circuit.
June 26, 1984.
*1318 Eric L. Pittman, Livingston, for plaintiff-appellee.
Alton B. Lewis, Jr., Hammond, for defendant-appellant.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
ALFORD, Judge.
This action for worker's compensation benefits was brought by Cathy Holland against her former employer, T.G. & Y. Stores Company. The trial court determined that Mrs. Holland was totally and permanently disabled within the meaning of LSA-R.S. 23:1221(2)[1] and the odd lot doctrine. Mrs. Holland was awarded reinstatement of weekly benefits of $72.33 from December 4, 1982, the date benefits had been terminated by T.G. & Y. The court also found that T.G. & Y. had been arbitrary and capricious in terminating Mrs. Holland's benefits, thus awarding her attorney's fees of $3,500 and penalties of 13 percent from the date that each payment became due.[2]
Defendant, T.G. & Y., has appealed, alleging numerous specifications of errors in the trial court. For the sake of judicial economy, *1319 we will consider only those necessary to the resolution of this case.
T.G. & Y. primarily contends that Mrs. Holland is not totally and permanently disabled. Mrs. Holland is a forty-one year old female with a seventh grade education. She suffered an injury to her back while moving cases of canned drinks, in the course and scope of her employment for T.G. & Y. on or about September 20, 1980. On October 1, 1980, Dr. John Clifford, a neurological surgeon, performed surgery on Mrs. Holland's back at the L5-S1 level for correction of a ruptured disc. Dr. Clifford treated Mrs. Holland until April 14, 1982. Mrs. Holland was also examined once on January 19, 1982, by Dr. Herbert K. Plauche, an orthopedic surgeon. Mrs. Holland's worker's compensation benefits were stopped on December 4, 1982. As of that date, T.G. & Y. had paid compensation benefits for approximately 115 weeks, as well as all medical expenses incurred by Mrs. Holland in connection with her injury. The instant suit was filed by Mrs. Holland on January 12, 1983.
In his reasons for judgment, the trial court judge found Mrs. Holland to be totally and permanently disabled under the odd lot doctrine. Guidelines for odd lot were set out by the Louisiana Supreme Court in Lattin v. Hica Corporation, 395 So.2d 690 at 693-694 (La.1981):
Under the odd lot doctrine, a claimant is considered totally disabled if his injury makes him an odd lot in the labor market, that is, one capable of obtaining employment periodically but one whose services are so limited in quality, dependability or quantity that a reasonably stable market for his services does not exist. An odd lot claimant need not be absolutely helpless to qualify for total disability. If the claimant can prove that his physical condition, mental capacity, education, training age or other factors combine to place him at a substantial disadvantage in the competitive labor market, he has made out a prima facie case for classification in the odd lot category. This satisfies his burden of proving that he should be awarded benefits for permanent and total disability. The employer or insurer must then show that some form of gainful occupation is regularly and continuously available to the employee within reasonable proximity to the employee's residence.
The odd lot doctrine is also applicable to substantial pain cases because a worker who, due to his injury, can function only with substantial pain or with the help of fellow workers may not be considered a particularly desirable employee. Thus, if a claimant's pain appreciably limits the types of work available to him and greatly diminishes his ability to compete in the labor market, he can be treated as an odd lot worker and be awarded total disability, unless there is proof that jobs are realistically available to him. On the other hand, if a worker cannot perform the same work that he did before his injury because it causes him substantial pain, but he has the mental capacity to perform other jobs which are available, he should be considered partially disabled. (citation omitted)
In the instant case, the trial judge found that Mrs. Holland suffers pain and is "clearly at a substantial disadvantage in the job market and is unable to find substantial and consistent employment," thus rendering her totally and permanently disabled under the odd lot doctrine.
Based on the evidence in this case, we must conclude that Mrs. Holland is not totally disabled under either the substantial pain doctrine or the broader odd lot doctrine.[3]
Medical testimony at trial was given by deposition. Dr. Clifford, the treating physician,[4] gave Mrs. Holland a total disability *1320 rating of 10 percent. Dr. Clifford restricted her to limited stooping, bending and squatting, with the further limitation that nothing repetitive be done by Mrs. Holland for at least the first couple of years following her surgery. Dr. Clifford further advised that Mrs. Holland not lift anything weighing more than 20-25 pounds. However, it was the opinion of Dr. Clifford that Mrs. Holland could resume work as a sales clerk.
The medical testimony of Dr. Plauche was similar to Dr. Clifford's. Dr. Plauche gave Mrs. Holland a total disability rating of approximately 20 percent. He noted that Mrs. Holland would have difficulty with any type of occupational or recreational activities that required prolonged sitting, standing or heavy lifting, and he was of the opinion that Mrs. Holland should not lift more than 10-15 pounds. Dr. Plauche also agreed that Mrs. Holland could return to work; however, he advised that she take a 15 minute break every 2 and ½ hours. He also noted that Mrs. Holland's pain, on a scale from mild to moderate to severe, was of the moderate category.
Testimony as to work available to Mrs. Holland was presented at trial. Mrs. Holland testified that her previous employment included sales girl and cashier at T.G. & Y. in Slidell, Gibson's and Woolco.[5] Mrs. Holland also stated that she had applied for work at a fast-food restaurant and at a sandwich shop. However, in that she did not pursue these employment leads any further than the initial contacts, she was unable to say why she was not hired.
Mrs. Holland testified that she contacted her former employer, T.G. & Y., but the manager, Mr. Graves, told her that he had no such thing as "light duty" for Mrs. Holland. However, Mr. Graves testified that he did not recall Mrs. Holland putting restrictions of light duty on her work, and that her physical condition did not enter into his response to Mrs. Holland. Mr. Graves stated that his store had no openings at the time Mrs. Holland applied, which was more than six months prior to trial. Mr. Graves further testified that the restrictions put on Mrs. Holland's work by Dr. Clifford would not prevent him from hiring Mrs. Holland, and that Mrs. Holland would be employable by T.G. & Y. if there were any openings. He also stated that his store was presently working a fifty year old male sporting goods manager with a back disability.
Randy Beeson, manager of a discount store in Hammond, testified that of the 37 positions in his store, 22 could be filled by persons with the limitations that had been imposed upon Mrs. Holland. Mr. Beeson also stated that his store was presently working an employee with a kidney disorder, one with a slight back disorder, and a fifty-two year old female supervisor with a 20 percent back disability. He further indicated that this supervisor was hired after her back injury, not before.
In summary, the medical testimony clearly indicates that although Mrs. Holland does experience moderate discomfort, both doctors feel that she can return to work. We also note that there is no evidence in the record that Mrs. Holland had been to a doctor for pain after April 14, 1982, which is a full year prior to the date of trial, April 29, 1983. Nor was there any evidence in the record that Mrs. Holland was taking any pain medications. In worker's compensation cases where pain is the linchpin to make out a prima facie case for a worker's classification in the odd lot category, the pain accompanying routine physical tasks and attempts to return to work must be substantial, serious, intense and/or severe. Culp v. Belden Corporation, 432 So.2d 847 at 850 (La.1983). The record as a whole clearly established that Mrs. Holland's pain does not "appreciably limit the types of work available" to her. Lattin, supra at 693. Accordingly, we are *1321 of the opinion that the trial court judge was manifestly in error in determining that Mrs. Holland was totally disabled. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978).
However, we note that an employee may be deemed partially disabled if she is unable to perform the same duties in which she was customarily engaged when injured, or duties of the same or similar character, nature, or description for which she was fitted by education, training or experience. LSA-R.S. 23:1221(3). There is evidence in the record that some of the previous sales clerk jobs held by Mrs. Holland required her to perform tasks such as stock work which would require stooping, bending, squatting, and possible lifting of objects weighing more than allowable for Mrs. Holland. In fact, Mrs. Holland suffered the instant injury while moving cases of canned drinks, although it is far from clear from the record whether this was one of her normal duties or not. Therefore, we remand with instructions that Mrs. Holland be given the opportunity to produce evidence solely to show whether her usual duties or the duties for her job description at T.G. & Y. did in fact include tasks which would require stooping, bending, squatting or lifting objects of a weight deemed unsuitable to Mrs. Holland by virtue of the medical testimony and this opinion. If such evidence is produced, then Mrs. Holland must be awarded partial permanent disability. See Martin v. H.B. Zachry Company, 424 So.2d 1002 (La.1982).
T.G. & Y. also argues that penalties and attorney's fees were wrongly granted. Under LSA-R.S. 23:1201.2, if the termination of benefits and failure to re-institute payments are found to have been arbitrary, capricious, or without probable cause, the employer may be compelled to pay a penalty of 12 percent of the total amount of the claim, together with all reasonable attorney's fees incurred by the employee in prosecution of the claim. In our opinion, termination of benefits by the defendant in this case was not arbitrary, capricious, or without probable cause. This section is penal in nature and must be strictly construed; a termination of benefits will not be held to have been arbitrary or capricious where the insurance carrier bases its decision to terminate on competent medical evidence. Martin, supra, at 1008. T.G. & Y. had a reasonable basis for terminating benefits. The reports of the treating physician, Dr. Clifford, plainly indicated that Mrs. Holland could return to work. Accordingly, we reverse the award of penalties and attorney's fees.
For the foregoing reasons, the judgment of the trial court is reversed and remanded for proceedings consistent with this opinion. Costs of this appeal are taxed to appellee.
REVERSED AND REMANDED.
NOTES
[1] The accident occurred in 1980; therefore, this case is governed by the Worker's Compensation statute as it stood prior to the 1983 amendments. LSA-R.S. 23:1221(2) then read as follows: For injury producing permanent total disability of an employee to engage in any gainful occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee, at the time of injury, was particularly fitted by reason of education, training, and experience, sixty-six and two-thirds per centum of wages during the period of such disability.
[2] LSA-R.S. 23:1201.2 allows penalties of only 12 percent of the total amount of the claim.
[3] Cases involving substantial pain are analyzed within the framework of the odd lot doctrine. Vernon v. Aetna Life and Casualty Insurance Company, 442 So.2d 674 (La.App. 1st Cir.1983).
[4] The testimony of a treating physician is entitled to greater weight than the opinion of a physician who merely examines the claimant. Woods v. Petroleum Helicopters, Inc., 415 So.2d 978 (La.App. 1st Cir.1982).
[5] The trial judge in his opinion stated that Mrs. Holland had been employed by convenience food outlets as a cook. There is no basis in the record for such a statement. We also note that following her accident, Mrs. Holland attempted to babysit for her sister's two year old child on two occasions but was unable to lift the child.