GULOTTA, Judge.
In this worker’s compensation case, the defendant employer and its insurer appeal from a judgment awarding plaintiff total and permanent disability benefits pursuant to LSA-R.S. 23:1221(2) for a knee injury. In answer to the appeal, plaintiff seeks penalties and attorney’s fees for defendants’ arbitrary and capricious denial of his claim. We affirm.
Huery Brown, a 48 year old maintenance foreman at defendant Mount Carmel Academy for 23 years, twisted his knee in the course and scope of his employment on November 24, 1981. His injury required the surgical removal of the lateral meniscus, and resulted in a disability rating of 15% of the lower left extremity.
Following his accident, plaintiff received compensation benefits of $177.00 per week from November 25, 1981 (the day after the injury) through March 9, 1982. During this time, Mount Carmel paid him the difference between the compensation received and his normal salary such that he suffered no net loss of income. Although the record does not reflect the exact date, plaintiff returned to work sometime in 1982 after surgery. He was engaged primarily in maintenance work at Mt. Carmel before his injury, but was transferred to yard maintenance duties in August, 1982. At the time of trial he was still employed full-time as a yard maintenance man and general handyman for the school.
On October 29, 1982, plaintiff filed the instant claim for total and permanent disability benefits.
After a trial on the merits, the trial judge found in plaintiffs favor. Plaintiff was awarded full compensation benefits from the date of his accident for the duration of his disability, subject to a credit for weekly benefits previously paid by defendants. In oral reasons for judgment, the trial judge observed that plaintiff fits into the “odd lot doctrine” and further stated, in pertinent part:
“... the Court feels that considering his terrible education, considering his limited skills, considering the injury which 15% of the left lower extremity, considering the pain that he has described that he sustains from his day-to-day working, which as I say, the Court feels is a nagging, persistent pain, at times substantial but not generally on a substantial basis ... the court hereby issues a judgment awarding benefits for total and permanent disability pursuant to R.S. 23:1221 Paragraph 2.”
Plaintiff’s entitlement to permanent and total disability compensation is governed by LSA-R.S. 23:1221(2) which, at the time of plaintiffs accident, afforded total disability compensation only if the employee were unable “... to engage in any gainful occupation for wages whether or not the same or similar occupation as that in which the employee was customarily engaged. ...”
*647 In Oster v. Wetzel Printing, Inc., 390 So.2d 1318 (La.1980), the Louisiana Supreme Court interpreted the above statutory language according to the “odd lot” doctrine. Under this doctrine, in order to prove permanent and total disability, an injured worker need not show that he is unemployable at any occupation; he need only prove that the services he is able to render are so limited in quality, quantity or dependability that there is no reasonably stable market for them because of his physical impairment, mental capacity, education, training, age, availability of employment in the area and any other relevant factor. If a plaintiff offers such proof that he is in the “odd lot” category, then he will be awarded benefits for permanent and total disability, unless the defendant employer can show that there are jobs available to provide plaintiff with a steady income or gainful occupation. Oster v. Wetzel, supra.[1]
Applying this analysis to the instant case, we conclude that the trial judge properly found plaintiff to be an odd lot worker entitled to permanent and total disability benefits.
According to plaintiff, he suffers constant pain in his knee, which worsens when he walks, stands, or works. His doctor has advised that he not engage in any strenuous activity involving the use of his knee. Although plaintiff presently is cutting grass and doing yard work for the school with a riding lawnmower, he still suffers pain and swelling in his knee, which results in his taking periodic breaks of forty-five minutes to an hour after only forty-five minutes to an hour and a half of work. Additionally, the testimony of an expert witness in the field of vocational and occupational rehabilitation revealed that if plaintiff were terminated from his job, he would have a 99.9% chance of not gaining employment in the New Orleans area due to his functional illiteracy, physical restrictions and extremely low skill levels.
Based upon this evidence, we cannot say that the trial judge erred when he concluded that plaintiff falls into the “odd-lot” category.
We likewise find no error in the trial court’s denial of penalties and the attorney’s fees to plaintiff under LSA-R.S. 23:1201. In answer to defendant’s appeal, plaintiff contends that, despite receipt of a medical report assigning a 15% permanent disability to plaintiff’s leg and four demand letters from plaintiff’s counsel, defendants arbitrarily and capriciously refused to pay even the minimum compensation required under LSA-R.S. 23:1221(4)(h) for partial disability.
The issue whether a refusal to pay compensation benefits was “arbitrary, capricious or without probable cause” within the meaning of LSA-R.S. 23:1201.2 is a factual question determined on the merits of each case. Smith v. Borden, Inc., 413 So.2d 701 (La.App. 4th Cir.1982); Moreau v. Houston General Ins. Co., 386 So.2d 151 (La.App. 3rd Cir.1980). The statute is penal in nature and must be strictly construed. Smith v. Borden, Inc., supra. The purpose of the penalty is to discourage an attitude of indifference to the injured employee’s condition. Poindexter v. South Coast Corporation, 204 So.2d 615 (La.App. 4th Cir.1967). Moreau v. Houston General Ins. Co., supra.
In the instant case, plaintiff received compensation benefits from the day after the November 24, 1981 accident until March 9, 1982. Plaintiff thereafter returned to work at Mount Carmel at full pay. Defendants proposed two pre-suit settlements on June 16, 1982 and August 26, 1982. A subsequent medical report of September 20, 1982 assigned plaintiff a 15% disability of the left leg. Plaintiff’s legal counsel rejected the settlement offer and demanded minimum compensation for at least partial disability before filing the instant suit.
*648 Significantly, defendants paid compensation to plaintiff following the accident and during his recovery from his January, 1982 surgery. Plaintiff had returned to work at Mount Carmel and was receiving full pay before defendants received the medical report assigning plaintiff a 15% disability. Considering plaintiffs earlier return to work, the previous compensation payments, and the ongoing settlement negotiations, we cannot say that the defendants were arbitrary and capricious in refusing to resume compensation payments despite the medical report. Several cases have denied penalties and attorney’s fees where compensation benefits were discontinued upon the injured employee’s return to work. See Culp v. Belden Corp., 432 So.2d 847 (La.1983); Singleton v. Bushnell & Co., 437 So.2d 347 (La.App. 2nd Cir.1983); Kirkley v. DSI Transports, Inc., 416 So.2d 584 (La.App. 1st Cir.1982). Under these circumstances, we cannot say defendants acted in bad faith or arbitrarily or capriciously refused compensation.
Accordingly, the judgment is affirmed.
AFFIRMED.

. LSA-R.S. 23:1221 has since been amended to preclude recovery for permanent and total disability benefits to a plaintiff engaged in any employment, including odd-lot employment.