DUFRESNE, Judge.
This is an appeal by Browning Ferris Industries Chemical Service, Inc., (B.F.I.) defendant-appellant, from a judgment awarding workmen’s compensation benefits under the “odd-lot” doctrine to Larry J. Molina, plaintiff-appellee. Because we find no manifest error in the action of the trial court, we affirm the judgment.
It is not contested that Molina injured his knee on September 17, 1981, in the course and scope of his employment with B.F.I., and that after two surgeries he suffers a 10% permanent disability in his knee. What is disputed is whether this disability, along with his age, mental capacity, education, training, availability of employment in his area, and other relevant factors, render him unable to compete for jobs and place him within the “odd lot” category as enunciated in Oster v. Wetzel Printing, Inc., 390 So.2d 1318 (La.1980).
Molina is a 49 year old heavy diesel and gasoline mechanic. This is the only type of work for which he is trained, and while he has worked as a heavy equipment operator, the majority of his work has been as a mechanic. His education consist of a GED diploma which he earned while in the Marine Corps. He is an American Indian who speaks and writes Indian, Spanish and English. However, his English is not very good. On November 1, 1981, some six weeks after his injury, Molina was discharged by B.F.I., allegedly for unsatisfactory performance of his work. Molina testified that he had never been unemployed for any significant period before the accident, and had never been discharged from a job in his life.
In Lattin v. H.I.A.C. Corp., 395 So.2d 690 (La.1981), a case cited by the trial court in his reasons for judgment, the burden of proof in “odd-lot” cases was discussed. The court stated that “if the claimant can prove that his physical condition, mental capacity, education, training, age, or other factors combine to place him at a substantial disadvantage in the competitive labor market, he has made out a prima facie case for classification in the odd lot category ... The employer ... must then show that some form of gainful occupation is regularly and continuously available to the employee within reasonable proximity to the employee’s residence”, at 693.
The record shows that B.F.I. employed Kerry Jambón, a rehabilitation consultant, on March 3, 1982, to help Molina find another job. After repeated attempts to place Molina in another position, Jambón decided that he could not help, and closed the file. In the final report of July 28, 1983, on Molina, Jambón concluded that he had not been hired because, 1) he had been out on disability for so long; 2) he has a language problem, and 3) there is too much competition in his field for him to get a job. In this court’s opinion, this evidence was sufficient to make out a prima facie case that Molina fits into the “odd-lot” category, *26 and shifted the burden of proof to the employer to show otherwise. This B.F.I. failed to do.
B.F.I. argues to the contrary, that because Molina is not in pain, and considers himself capable of returning to his trade, that he can be employed on a regular basis. We first point out that although pain may be a criterion in the odd lot doctrine, it is simply one of the “other factors” to be considered, Lattin v. H.I.C.A. Corp., supra. Second, the fact that Molina thinks himself able to work has no bearing on whether, because of his injury, he is not employable on a regular basis.
B.F.I. finally argues that compensation should be calculated on the basis of “loss of a leg” for which only 175 weeks of payments are owing. The law is otherwise. Under the compensation scheme in effect at the time of this accident, a finding of total disability under the odd lot doctrine triggered compensation for the duration of the disability, Conlay v. Houston General Insurance Co., 370 So.2d 196 (La.App.3rd Cir.1979).
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
AFFIRMED.