473 So.2d 105 (1985)
Donald R. KNIGHT, Plaintiff-Appellee,
v.
COTTON BROTHERS BAKING COMPANY, INC., Defendant-Appellant.
No. 84-507.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1985.
Rehearing Denied August 13, 1985.
*106 Gold, Simon, Weems, Bruser, Sharp, Sues & Rundell, Eugene Sues, Alexandria, for defendant-appellant.
Ben C. Bennett, Jr., Marksville, for plaintiff-appellee.
Before DOMENGEAUX, STOKER and DOUCET, JJ.
DOUCET, Judge.
Donald Knight, plaintiff-appellee, instituted this action against his employer, Cotton Brothers Baking Company, Inc., seeking workmen's compensation benefits for a total and permanent disability caused by substantial pain along with medical expenses, penalties and attorney's fees. The lower court held that Mr. Knight is permanently and partially disabled but denied any award for penalties or attorney's fees. From this judgment, the defendant employer has perfected this suspensive appeal.
On December 13, 1982, plaintiff slipped and fell on his right shoulder and elbow and allegedly sustained his disabling injuries. Plaintiff, nonetheless, continued at his job and a week after the accident, he visited Dr. Gutierrez who referred plaintiff to Dr. T.E. Banks, who is an orthopedic specialist. Dr. Banks saw plaintiff for the first time on January 3, 1983, and made a preliminary diagnosis of plaintiff's condition as the equivalent of a typical case of tennis elbow. Dr. Banks was of the opinion that with the aid of a support wrapping, plaintiff would be able to perform his full range of work duties in spite of the mild pain plaintiff's work activities would cause. Dr. Banks saw plaintiff on several subsequent visits whereat medication was prescribed, but Dr. Banks never suggested that plaintiff stop working. In his deposition, Dr. Banks testified that severe pain may result if plaintiff's job required him to grip anything and then lift with his palms facing downward, but otherwise, the pain would be mild.
Plaintiff next consulted Dr. Daniel M. Kingsley on March 22, 1983, about pain in his right shoulder and right elbow. Dr. Kingsley stated that his examination revealed nothing abnormal in plaintiff's elbow or shoulders and in his opinion, plaintiff was not disabled. Dr. Kingsley again saw plaintiff on April 5, 1983 about continued complaints of pain by plaintiff. Dr. Kingsley proceeded with two thorough examinations. *107 According to Dr. Kingsley, these examinations revealed no objective basis for the plaintiff's complaints, although in his deposition, Dr. Kingsley said that he believed that Mr. Knight was sincere in his complaints. At no time did Dr. Kingsley say that Mr. Knight suffered from severe or substantial pain when engaged in his work duties.
The last doctor to examine Mr. Knight was Dr. William B. Smith, who diagnosed the cause of plaintiff's elbow pain as an inflamed tendon. Dr. Banks, however, stated in his deposition that this condition would bother plaintiff only when he was gripping something and that generally, Mr. Knight's condition was a mild one that should not inhibit Mr. Knight from fully engaging in any work duty.
In the meantime, plaintiff continued at his job with his regular work duties, apparently without hindrance or noticeable difficulty according to his co-employees. In fact, plaintiff continued to work until he took leave for his vacation on August 7, 1983. While Mr. Knight was on his vacation, his co-employees at the Cotton Brothers' facility went on strike. Because of this strike, Mr. Knight was unable to continue working when he returned from his vacation. Mr. Knight testified that he would have returned to work at Cotton Brothers had there not been a strike but that this strike prevented his return and not any disabling pain in his right shoulder or elbow. After returning from his vacation, plaintiff was unable to locate any other employment with the exception of a very distressing six-day offshore hitch. This lawsuit for disability benefits ensued.
A trial was conducted after which the lower court held that because of the pain suffered by Mr. Knight while engaged in his routine duties at the Cotton Brothers' facility, he has a partial disability of permanent duration pursuant to LSA-R.S. 23:1221(3). Compensation benefits were awarded in the amount of $204 per week from December 13, 1982, for 450 weeks. Also awarded was legal interest on each installment from the due date until paid, with credit to the employer for benefits previously paid and for those weeks in which actual wages were earned by the plaintiff. Medical expenses were also included in the award. From this judgment, Cotton Brothers perfected this suspensive appeal.
The sole issue on this appeal is whether the trial court was manifestly erroneous in holding that plaintiff's pain was sufficiently substantial to render him permanently and partially disabled. In order to be classified as partially disabled under LSA-R.S. 23:1221(3), the claimant must prove that he cannot perform the same or similar work that he did before his injury because it causes him substantial pain. Bernard v. Merit Drilling Co., 434 So.2d 1282 (La.App. 3rd Cir.1983). A claimant however, will not be held to be disabled solely because he suffers some residual pain and discomfort when he attempts to return to work. The residual pain or discomfort will be considered disabling only if it is substantial. Hollis v. Travelers Insurance Company, 368 So.2d 154 (La.App. 3rd Cir.1978); Augustine v. Courtney Const. Co. Etc., 405 So.2d 579 (La.App. 3rd Cir.1981). The claimant has the burden of proving to a legal certainty and by a reasonable preponderance of the evidence that he is disabled. The issue of whether this burden has been met must be determined by examining the totality of the evidence, including both lay and medical testimony. Augustine v. Courtney Const. Co. Etc., supra.
Whether a claimant's pain is substantial enough to be disabling is a question of fact that must be determined according to the circumstances of each individual case. Furthermore, this factual conclusion regarding a claimant's degree of pain is a factual one entitled to great weight and will not be disturbed on appeal unless it is clearly wrong. Newell v. U.S. Fidelity and Guaranty Co., 368 So.2d 1158 (La.App. 3rd Cir.1979); McBroom v. Argonaut Insurance Co., 370 So.2d 212 (La.App. 3rd Cir.1979); Augustine v. Courtney Const. Co., Etc., supra.
*108 After a careful examination of the record, including both medical and lay testimony, we conclude that the trial court was clearly wrong in holding that Mr. Knight proved to a legal certainty and by a preponderance of the evidence that his pain was disabling. First, the medical evidence consisted of the depositions of three orthopedic specialists. While all three doctors had slightly varying diagnoses of Mr. Knight's condition, not one of the doctors was of the opinion that Mr. Knight was in substantial pain or that he was disabled by any residual pain in his shoulder or elbow. Thus, the only evidence supporting the plaintiff's allegation that he suffers substantial pain while working is his own testimony.
A claimant's testimony concerning the degree of pain from which he suffers while working is entitled to great weight. Smith v. Union Underwear, 457 So.2d 248 (La.App. 3rd Cir.1984). In this case however, the claimant's testimony regarding the degree of his pain does not overcome the substantial evidence to the contrary. Not only is the plaintiff's testimony uncorroborated by the medical evidence, there is nothing else in the record to suggest that the claimant was unable to work due to substantial pain. By his own admission, Mr. Knight would have continued to work for the defendants had not his co-employees gone on strike. The plaintiff stopped working, not because of any disability, but because of a labor dispute between his co-employees and his employer. Under these circumstances it is clear that Mr. Knight may have suffered some pain but we hold that this pain was not substantially enough to be disabling. Therefore, the trial court was clearly wrong in holding that Mr. Knight is partially disabled.
Accordingly, it is ordered that the decision of the trial court be and the same is hereby reversed, and plaintiff's suit dismissed. All cost, at trial and on appeal, are assessed against plaintiff-appellant.
REVERSED AND RENDERED.