PRESTON H. HUFFT, Judge Pro Tem.
In this worker’s compensation case, the defendant employer and its insurer appeal from a judgment awarding plaintiff total *815 and permanent disability benefits based on a finding that he has only worked in “substantial pain” since his work related accident. Because the evidence indicates that plaintiff is capable of returning to his former work as a carpenter, albeit with some residual pain, we conclude that he is entitled only to a limited award, under LSA-R.S. 23:1221(4)(p), for a permanent non-disabling impairment of his neck.
On April 28, 1981, Raymond A. Clement, Jr., a union carpenter, sustained injury when a piece of metal scaffolding hit the back of his hard hat and knocked him to the ground. After emergency treatment at the job site, Clement saw Dr. William Brent, Jr., who diagnosed his condition as a sprain of the neck with cervical neurtis in the upper right shoulder girdle area.
Under Dr. Brent’s care, Clement received conservative treatment, including physical therapy, from April 29, 1981 until his discharge on August 26, 1982. During repeated office visits to his physician,[1] he complained of back and shoulder pain, and underwent a myelogram and cervical traction during hospitalization from May 30 to June 4, 1982. Although a radiologist’s report showed a slight deformity and indentation in the cervical area, Dr. Brent found no sign of problems in the nerve roots or discs. No surgery is planned for plaintiff.
Following the accident, plaintiff returned to work for approximately a week to ten days. After a one-week layoff, he resumed work at another job site for an additional three weeks. Thereafter, he performed part-time work and odd jobs for friends and neighbors until he resumed work at a union job on October 15, 1981. He continued working until July 2, 1982, although he testified that it was with pain “all the time”. Clement then worked for a seven month period at another job site from late July or early August, 1982 until March, 1983, when he left because of a sinus infection. He worked occasionally thereafter, doing house construction and repairs, until January, 1984, when he took a union job at the World’s Fair site in New Orleans, with continued complaints of headaches and pain in his neck and shoulders.
Clement filed suit for total and permanent disability benefits on April 28, 1982. Following a trial on the merits on April 9, 1984, the trial court ruled in plaintiff’s favor. In written reasons for judgment decreeing plaintiff permanently and totally disabled, the trial judge stated:
“The Court is convinced from the whole web of the testimony that the plaintiff sustained a compensible injury on April 28, 1981, and since that time has received rather regular medical treatment, was hospitalized on two occasions, has worked intermittently since the day of the accident, and that his work was performed in substantial pain. The plaintiff has exhibited the blue print of a worker in pain-irritability-absenteeism-aspirin swallowing and frequent trips to various doctors....
“The Court is of the opinion that the plaintiff is totally and permanently disabled within the intent of the Louisiana Workmens Compensation Statute and Judgment will be rendered accordingly.”
Appealing, the defendant employer and its insurer contend that the trial judge erred in concluding that plaintiff had carried his burden of proving total permanent disability. We agree. Because the evidence only supports a conclusion that Clement’s residual pain, though significant, is non-disabling, we amend the trial court’s judgment to award Clement benefits under LSA-R.S. 23:1221(4)(p) for impairment of neck function.
Because plaintiff’s accident occurred on April 28, 1981, the question of his entitlement to permanent total disability compensation arises under former LSA-R.S. 23:1221(2), as amended in 1975, which provided for such benefits only if the employee cannot engage “... in any gainful occupation for wages whether or not the same or similar occupation as that in which *816 the employee was customarily engaged. ...” The Louisiana Supreme Court has interpreted this language according to the “odd lot” doctrine, whereby an injured plaintiff seeking permanent and total disability benefits must offer proof that the services that he is able to render post-accident are so limited in quality, quantity or dependability that there is no reasonably stable market for them because of his physical impairment, mental capacity, education, training, age, availability of employment in the area, or any other relevant factor. Oster v. Wetzel Printing, Inc., 390 So.2d 1318 (La.1980); Dusang v. Henry C. Beck Builders, Inc., 389 So.2d 367 (La.1980); Brown v. Mount Carmel Academy of New Orleans, 468 So.2d 645 (La.App. 4th Cir.1985).
In “substantial pain” cases under the “odd lot” doctrine, a worker acquires total disability status only if his pain appreciably limits the types of work available to him and greatly diminishes his ability to compete in the labor market. Lattin v. Hica Corp., 395 So.2d 690 (La.1981); Du-sang v. Henry C. Beck Builders, Inc., supra. In compensation situations where pain is the “linchpin” to make out a prima facia case for classification as an odd lot worker, the pain accompanying routine physical tasks and attempts to return to work must be “substantial, serious, intense and/or severe”. Culp v. Belden Corp., 432 So.2d 847 (La.1983); Holland v. T.G. & Y. Stores, 451 So.2d 1317 (La.App. 1st Cir.1984).
Applying these criteria to the facts of the instant case, we conclude that plaintiff failed to carry his prima facia burden of proving that his pain classifies him as an “odd lot” worker. Although plaintiff testified that he has suffered “constant” pain during his work since the accident, it does not necessarily follow, as a matter of law, that he is “totally disabled” within the meaning of the applicable statute. Except for limited periods since the accident, Clement has resumed his work as a carpenter rather steadily and has performed his job well. He has found work out of his union hall, and is ready to take further employment as it becomes available.
The two medical witnesses who testified at trial were both of the opinion that Clement is capable of performing carpentry work. According to Dr. Brent, the treating physician, Clement has no percentage disability rating from the accident and can return to work as a carpenter doing most of the activities required of him without any residual disability. The second physician, Dr. Stewart Phillips, who examined plaintiff on December 10, 1982, has assessed a 10% impairment of function in plaintiffs neck. Dr. Phillips further testified, however, that Clement is capable of working as a carpenter with this 10% difficulty, although he will have “discomfort in his neck” if he looks all the way up, all the way back, or does heavy work such as repetitive lifting of weights of 20-25 pounds or more.
At the time of trial, Clement had been discharged by his treating physician and was under no continuing medical care. Plaintiff testified that his pain has never affected his work completely, although he has felt “uncomfortable” with overhead work and getting in “tight spots” requiring him to turn his head a certain way. Jude Lemoine, a construction superintendent at one of plaintiff’s post-accident job sites, testified that Clement was able to do his work without problems. Significantly, in addition to working since the accident, Clement played in weekly touch football games in a community league during the Fall of 1981 and 1982.
We recognize that the question whether a plaintiffs pain is substantial enough to be disabling is factual, and that the trial court’s determination should not be disturbed unless it is clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Randall v. St. Paul Fire and Marine Ins. Co., 470 So.2d 301 (La.App. 5th Cir.1985). In light of the lay and medical evidence in the instant case, however, it is clear that Clement’s residual limitations, pain, or discomfort do not substantially disadvantage him in the labor market. He is
*817 capable of resuming carpentry work, and has performed it satisfactorily since his accident. Accordingly, we conclude that the trial judge’s finding of total and permanent disability from substantial pain has no reasonable basis in the evidence and is clearly wrong. See Augustine v. Courtney Const. Co., 405 So.2d 579 (La.App. 3rd Cir.1981), writ denied 407 So.2d 735 (La.1981).
Similarly, because Clement has successfully returned to his former occupation, he is not an employee who is unable “... to perform the duties in which he was customarily engaged when injured ...” so as to be entitled to partial disability benefits under former LSA-R.S. 23:1221(3), as amended in 1975. See Hollis v. Travelers Ins. Co., 368 So.2d 154 (La.App. 3rd Cir.1978). In this regard, the instant case is akin to Knight v. Cotton Bros. Baking Co., Inc., 473 So.2d 105 (La.App. 3rd Cir.1985), in which a plaintiff with some residual pain was held not to be partially disabled where he had continued to work post-accident and the medical evidence did not corroborate his complaints of substantial pain.
Nonetheless, Clement’s continued complaints of pain, when coupled with Dr. Phillips’ assessment of a 10% impairment of function in plaintiff’s neck, do support a conclusion that Clement is entitled to benefits under LSA-R.S. 23:1221(4)(p) for loss of function from a serious and permanent residual impairment:
“(p) In cases not falling within any of the provisions already made, where the employee is seriously permanently disfigured about the face or head, or where the usefulness of a physical function is seriously permanently impaired, the court may allow such compensation as is reasonable and in proportion to the compensation hereinabove specifically provided in the cases of specific disability, not to exceed sixty-six and two-thirds per cen-tum of wages during one hundred weeks.” (Emphasis ours).
Plaintiff’s residual pain, though not severe enough to handicap him in resuming his employment as a carpenter, is nonetheless a non-disabling hindrance that will limit his motion to some extent and cause him discomfort on the job. This residual pain that does not produce total or partial disability permits us to award him reasonable compensation for a serious, permanent impairment of the usefulness of his neck function.
In factually similar cases, awards have been made under LSA-R.S. 23:1221(4)(p) for non-disabling residual pain, limitations, and impairment resulting from work-related back injuries. See Ventress v. Danel-Ryder, Inc., 225 So.2d 765 (La.App. 3rd Cir.1969), on rehearing; Woodard v. George Cole Chevrolet, Inc., 444 So.2d 1367 (La.App. 2nd Cir.1984); Campbell v. Baker, Culpepper & Brunson, 382 So.2d 1046 (La.App. 2nd Cir.1980), writ denied 385 So.2d 793 (La.1980). See also Augustine v. Courtney Const. Co., 405 So.2d 579 (La.App. 3rd Cir.1981), writ denied 407 So.2d 735 (La.1981), where benefits under LSA-R.S. 23:1221(4)(p) were awarded for a 10% permanent loss of function of a wrist based on recurrent, non-disabling pain.
In cases under LSA-R.S. 23:1221(4)(p), an appellate court may allow compensation for a proven non-disabling impairment even though the trial judge has not passed upon the issue. Ventress v. Danel-Ryder, Inc., supra; Woodard v. George Cole Chevrolet, Inc., supra. Any amount between the statutory minimum and maximum may be awarded for the one hundred week period according to the circumstances of the particular case. Woodard v. George Cole Chevrolet, Inc., supra; Campbell v. Baker, Culpepper & Brunson, supra. The award is not restricted to a medical percentage of the disability. Ventress v. Danel-Ryder, Inc., supra; Bourgeois v. South Central Bell Tel. Co., 407 So.2d 1245 (La.App. 4th Cir.1981).
Applying these standards to the instant case, we conclude that Clement is entitled to the sum of one hundred dollars per week for a period of one hundred weeks.
*818 Accordingly, for the foregoing reasons, we amend and recast the judgment to award plaintiff, Raymond A. Clement, Jr., worker’s compensation benefits under LSA-R.S. 23:1221(4)(p), as amended in 1975, in the sum of ONE HUNDRED ($100.00) DOLLARS per week for one hundred weeks from April 28, 1981, together with legal interest from the date of judicial demand on each weekly amount, and subject to a credit for compensation benefits already paid plaintiff by defendants.
AMENDED AND RECAST.

. Clement visited Dr. Brent on the following dates: April 29, June 29, July 13, October 12, and October 17, 1981, and March 15, May 25, June 15, June 19, July 13, and August 26, 1982.