J. BRUCE NACCARI, Judge Pro Tern.
In this worker’s compensation case, the defendant-employer and its insurer appeal from a judgment awarding the plaintiff-employee total and permanent disability benefits for a work-related ankle injury pursuant to LSA-R.S. 23:1221(2), as enacted in 1975 and prior to the legislative amendments of 1983 and 1985. We affirm.
The plaintiff was employed by West Jefferson General Hospital as a cook when, on February 22, 1983, while in the course and scope of her employment, she slipped and sustained a fracture dislocation of the left ankle. Dr. Raymond Horn, an orthopedic surgeon, performed surgery on the plaintiffs leg in West Jefferson General Hospital, inserting a lateral fixation screw through the fibula and tibia of the plaintiffs left leg. Thereafter, the plaintiff was hospitalized for approximately ten days and, on May 3, 1983, she was again admitted to West Jefferson General Hospital, this admission for the surgical removal of the lateral fixation screw. In September of 1983, she was sent by her attorney to Dr. Wilmot F. Ploger, an orthopedic surgeon, who treated the patient up until the time of trial, for approximately one year.
As a result of the accident, the plaintiff did not return to her employment with the defendant nor to any other employment. *567 She filed a Worker’s Compensation Petition and named as defendants, West Jefferson General Hospital and Travelers Insurance Company.
The only issue before us is whether the trial court erred in finding the plaintiff totally and permanently disabled as a result of the accident.
The defendants contend that the trial court erred in awarding the plaintiff a permanent and total disability judgment under the “odd lot” theory of disability in that the plaintiff failed to carry her burden of proof that she was unable to return to sustained gainful employment. To the contrary, we find the plaintiff clearly falls under the “odd lot” doctrine and is permanently and totally disabled.
The law governing herein is LSA-R.S. 23:1221(2) as it was prior to legislative amendments of 1983 and 1985. The case cited by the plaintiff and followed by the trial court, Oster v. Wetzel Printing, Inc., 390 So.2d 1318 (La.1980), sets out the analysis and application of the statutory law which governs in this case.[1] Pursuant to Oster v. Wetzel Printing, Inc., an employee need not prove, in order to be classified as totally and permanently disabled, that he is entirely helpless and unemployable. If the employee is successful in showing a combination of factors indicating that the services which he is able to render are so limited in quality, quantity, or dependability that a reasonably stable market for his labor does not exist within which he can effectively compete, he has presented a prima facie case for classification in the “odd lot” category for purposes of being considered permanently and totally disabled. Oster, at p. 1323. Such factors indicating his impairment include mental capacity, education, and training. Oster, at p. 1321. Once the employee has made an offering of proof that he belongs in the “odd lot” category, he has satisfied his burden of proving that he should be awarded benefits for permanent and total disability, and the employer then has the onus of showing that there are jobs which are available to provide a steady income to the employee or that will provide him with a gainful occupation. Oster, at p. 1324.
The testimony at trial reflects that the plaintiff is a 55-year-old woman who is obese and suffers from diabetes and high blood pressure. She takes prescription medication on a daily basis for her ailments, has only a ninth-grade education and no special skills other than cooking, which skill she acquired through on-the-job training. The plaintiff testified at trial that she cannot stand nor sit for appreciable periods of time without severe discomfort and swelling in her ankle, as a result of her accident. The defendants’ expert witness, Dr. Horn, did not testify at trial, but his medical report was admitted into evidence in lieu of his testimony. Dr. Horn’s report indicates that he believed the plaintiff could have returned to work shortly after her surgeries and his estimated recovery period. Dr. Ploger, however, testified that on August 20, 1984, he found atrophy of the left leg and ankle, swelling of the left ankle, limited motion, tenderness to palpation and post-traumatic arthritis. He indicated that the plaintiff has a 20 percent disability of the left lower extremity and that he doubts she would be able to return to any job which requires prolonged standing, walking and climbing. He defined “prolonged” as 45 minutes to one hour without the opportunity to sit down. Dr. Ploger testified that the plaintiff would be able to work only four hours per day and that she would experience severe dis *568 comfort if she attempted to work as a full-time cook.
Mr. Steve Clark, a witness for the defendant who managed the dietary department of West Jefferson General Hospital and had supervised the plaintiff, testified under cross-examination that the plaintiff’s job required much walking, standing and lifting, and Ms. Susan Smith, who was qualified at trial as an expert vocational rehabilitation evaluator, testified on behalf of the plaintiff that, when presented with 20 demands of physical activity, 17 of which are necessary to perform the duties of a cook, the plaintiff was either unable to properly perform these activities, including walking, climbing, crouching, and lifting, or was severely limited in her performance of same. Ms. Smith’s opinion was that the plaintiff could hold down a sedentary job but that very few were available considering the qualifications of the plaintiff.
The record reflects that, subsequent to her surgeries, the plaintiff attempted to return to West Jefferson General Hospital on a “light duty” basis but was advised by the hospital authorities that no part-time helpers were being hired. In addition, she met with Ms. Louise Coleman, a vocational rehabilitation expert, for an interview, in an attempt to find part-time work; however, she received no interviews despite the many job inquiries that Ms. Coleman made on her behalf.
Based on the preceding evidence, clearly the trial court did not err in finding that the plaintiff presented a prima facie case for classification in the odd lot category. While admittedly Dr. Horn’s report indicates he believed the plaintiff was sufficiently recovered to return to work, Dr. Ploger believed to the contrary, and we agree with the trial court that because Dr. Ploger has had the plaintiff under his care since September of 1983, he was in a better position at the time of trial to determine the disability presently burdening the plaintiff. Moreover, the testimony of the plaintiff’s vocational rehabilitation evaluator, Ms. Smith, corroborated Dr. Ploger’s testimony that the plaintiff was unable to take any employment which required more than four hours of work per day and more than one hour of standing at a time.
The defendants failed entirely to show that there are jobs available to provide the plaintiff with a gainful occupation. The defendants’ own witness, Mr. Clark, who had supervised the plaintiff in her employment with West Jefferson General Hospital, testified that the plaintiff's job as a cook required a great deal of standing and walking and that there was no part-time work available with the hospital. Moreover, Ms. Coleman, the vocational rehabilitation expert who testified on behalf of the defendants, admitted that she was unable to find the plaintiff a job as of the time of trial and could only say that she believed she could find employment for the plaintiff at several institutions provided that the plaintiff “could do the job.”
We find, as the trial court did, that the defendants’ evidence is insufficient to rebut the plaintiff’s showing that she can perform no services other than those which are so limited that a reasonable market for them does not exist. Accordingly, the judgment is affirmed.
AFFIRMED.

. The rule of Oster v. Wetzel Printing, Inc., 390 So.2d 1318 (La.1980), followed in many cases, including Molina v. Browning Ferris Indus. Chem. Serv., Inc., 468 So.2d 24 (La.App. 5th Cir.1985) and Brown v. Mount Carmel Academy of New Orleans, 468 So.2d 645 (La.App. 4th Cir.1985), has since been changed by the legislative amendments of 1983 and 1985. The 1983 amendments (effective July 1983) to the Worker’s Compensation Statute legislatively overrule this facet of our jurisprudence. Under the new law, the worker must prove, "by clear and convincing evidence, unaided by any presumption of disability,” that the total disability is permanent.